JOHN J. CAMPBELL, RESPONDENT, *v.* WILLIAM ERNEST, APPELLANT.

*Injunction to restrain a debtor's transfer of real estate — not proper in an action upon a judgment for money only — equitable relief — an insufficient affidavit.*

In 1875 John J. Campbell obtained a money-judgment on contract against William Ernest. In 1891 he obtained leave to sue upon the judgment, and also procured an injunction restraining Ernest from disposing of his property pending the action.

Campbell, in the papers used to obtain the injunction, stated no facts tending to show that Ernest had done or threatened any act which would render the judgment ineffectual, or that he threatened to, or was about to, dispose of his property.

The affidavit of Ernest, in opposition to the injunction, showed that he had no property beyond a small interest in some real estate which was in process of partition.

*Held,* that the injunction was improperly granted under subdivisions 1 and 2 of section 604 of the Code of Civil Procedure.

That the "subject of the action" was not the property of the defendant which was being partitioned, but was a judgment for money only.

That the provisions of the Code were intended to apply to equitable actions where the defendant, if not restrained, would do acts violating rights claimed by the plaintiff in the subject of the action.

That an affidavit in such a case must state the facts which are deemed to show a fraudulent intent upon the part of the defendant to dispose of his property.

That the belief of the plaintiff upon such a point is insufficient.

APPEAL by the defendant William Ernest from so much of an order of the Supreme Court, entered in the office of the clerk of Orange county on the 22d day of September, 1891, as granted an injunction and stay, and also from that part thereof which restrained the defendant from disposing of his property during the pendency of the action.

*Esmond & Ward,* for the appellant.

*Strahan & McClung,* for the respondent.

DYKMAN, J.:

This is an action upon a judgment obtained by the plaintiff against the defendant in the Supreme Court on the 7th day of July, 1875, for $142.27.

On the 12th day of September, in the year 1891, Benjamin

McClung, one of the attorneys for the plaintiff, presented to one of the justice's of this court. an affidavit made by himself, in which he recited the procurement of an order to show cause why the plaintiff should not have leave to sue upon the judgment, and the appearance of the defendant in opposition to the injunction which was thus sought to restrain him from any disposition of his property pending the action, the presentation of an affidavit of the defendant at that time, of which a copy was annexed, the prevalence of the application before the justice who made and signed an order in the action granting permission to the plaintiff to bring this action upon the judgment, and also an injunction restraining the defendant from making any transfer or disposition of his property until the determination of this action. He also recites the appeal of the defendant from so much of the order as restrained him from transferring his property, and that such appeal would be argued and disposed of at the General Term of the court in Brooklyn on the fourteenth of that month, and then uses the following language: " That deponent believes after reading the said affidavit of William Ernest, a copy of which is hereto annexed, as aforesaid, that should the plaintiff in said action (the plaintiff herein) not be successful in obtaining the affirmance at said General Term of the injunction order referred to in said former action, that the said William Ernest, defendant herein will, during the pendency of this action, dispose of his property referred to in his said affidavit with intent to defraud the plaintiff herein, and to render nugatory any proceedings or effort by this plaintiff to obtain payment of his claim in this action."

The annexed affidavit of the defendant, to which reference is made, is as follows :

### SUPREME COURT.

| JOHN J. CAMPBELL |   |
| *agt.* |   |
| WILLIAM ERNEST. |   |

COUNTY OF ORANGE, CITY OF NEWBURGH, *ss. :*

William Ernest, being duly sworn, says :

I. That he is a married man residing at the City of Newburgh, Orange county, N. Y.

II. That he cannot remember that a summons was ever served upon him in the above-entitled action, although he cannot deny the fact on oath at the present time.

III. That he is a sick man, unable at the present time to perform work and engage in business, being afflicted with a serious lung trouble. That deponent's father died on the 9th day of June, 1891, at Newburgh, N. Y., leaving a very small property in which deponent has a third interest, and in which his wife claims her right of dower. That a partition suit has been brought against deponent to partition or sell said property, and, in deponent's opinion, his interest in the property left by his said father will not exceed from two to three hundred dollars. The real estate left by his father is mortgaged for $1,500, and consists of a small house and lot in the city of Newburgh, about 18 feet front and rear by 100 feet deep, and worth not to exceed $2,500.

IV. That deponent's said interest in his father's estate is all the property he has in the world, and includes everything he has for his support and to keep him in sickness. That deponent's physician says that he is suffering from consumption; deponent has a severe and constant cough, great weakness, and has been unable to labor since the middle of February last.

V. That it would be a great hardship and affliction to this deponent if the court should restrain him from the use of his property, or make any order that would prevent him from applying it to his necessities during the pendency of the action which the plaintiff herein asks leave to bring.

                                        WILLIAM ERNEST.

Subscribed and sworn to before me
  this 13th day of August, 1891.

                        F. W. TOMPKINS,
            *Commissioner of Deeds, City of Newburgh.*

Upon those affidavits and the pleadings, which are not printed in the appeal papers, but which means only, as we assume, an ordinary complaint upon a judgment, an order was made requiring the defendant to show cause at a Special Term of this court, at Poughkeepsie, on the 19th day of September, 1891, why an order should not be made and entered enjoining the defendant from removing or

disposing of his property, or making any disposition of the same during the pendency of this action, not exempt by law from execution, or in any manner to interfere therewith until further order in the premises; and the order also contained a temporary stay until the determination of that motion.

Upon the return day of that order to show cause the motion was heard and granted, and an order was made enjoining and restraining the defendant from removing or disposing of his property not exempt from execution, or making any disposition of the same during the pendency of this action, or in any manner interfering therewith until further order in the premises.

The defendant has appealed from the order, and we are required to ascertain whether it can be sustained.

The rule of law by which the validity of the order must be tested is this: "Where it appears by affidavit that the defendant, during the pendency of the action, is doing or procuring, or suffering to be done or threatens, or is about to do or to procure or suffer to be done, an act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual, an injunction order may be granted to restrain him therefrom.

"Where it appears by affidavit that the defendant, during the pendency of the action, threatens, or is about to remove or to dispose of his property with intent to defraud the plaintiff, an injunction order may be granted to restrain the removal or disposition." (Code of Civ. Pro., § 604, subs. 1, 2.)

This statute authorizes the interposition of the court, and the issuance of an injunction order to restrain the action of a defendant where it appears by affidavit that, during the pendency of the action, he is doing, or procuring, or suffering to be done, or threatens or is about to do, or procure, or suffer to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, also where it appears by affidavit that the defendant, during the pendency of the action threatens or is about to remove or dispose of his property with intent to defraud the plaintiff.

It was the design of the law to empower the court to enjoin the commission of some particular act which the defendant was doing or procuring, or suffering or threatening, in violation of the rights

of the plaintiff respecting the subject of the action, or where he was about to remove or dispose of his property with intent to defraud the plaintiff. But it never was intended to authorize the restraint of all sales of property.

Moreover, before any act can be restrained, it must be violative of the rights of the plaintiff respecting the subject of the action, and we may pause here to say that the property of the defendant is not the subject of this action, and no act of the defendant in relation thereto can violate any rights of the plaintiff respecting the same for that reason, and for the additional reason that the plaintiff has no rights in such property, and claims none.

In short, this statute has no application to an action of this character where a moneyed judgment only is sought. It was designed to provide a short and easy method for the procurement of injunctions in equitable actions for relief where the defendant, if unrestrained, would do or suffer some act in violation of the rights of the plaintiff respecting the subject of the action, which would tend to render the judgment ineffectual and nugatory. But plainly it applies, and can be utilized only in an action involving the rights of the parties to something which constitutes the subject of the action in respect to which the plaintiff claims some rights and seeks some special relief.

In no proper or legal sense can a defendant do or permit any act in violation of the plaintiff's rights respecting the subject of the action, in an action on contract for the recovery of money only. The plaintiff in such an action has no rights as against the property of the defendant until he obtains a judgment, and until then he has no legal right to interfere with the defendant in the use and sale of the same.

It would be a new and dangerous innovation to hold that a plaintiff, upon the commencement of an action on an account against a merchant, could procure an order of the court restaining him from selling his goods pending the suit, because such sales would diminish the chances for the collection of the judgment when obtained, and yet such is the logical result of the doctrine which would sustain this order.

Turning, now, to the affidavit upon which the order was based, we find it entirely insufficient to sustain it in any view. It states

no fact, and merely says that after reading the affidavit of the defendant the deponent believes he will dispose of the property referred to during the pendency of this action with intent to defraud the plaintiff, and render nugatory any effort of his to obtain payment of his claim in this action. How he could imbibe such a belief after reading the affidavit it is impossible to conjecture. Certainly there is nothing in the affidavit tending to induce such a conviction. The defendant said there that it would be a great hardship to him if the court should restrain him from the use of his property or make any order that would prevent him from applying it to his necessities.

There is no expression of a desire or intention to sell or dispose of the property, and no statement from which such intention can fairly be inferred. But even though the affiant did entertain such belief after he read the affidavit, he could not transfer his credulity to the judge who made the order. That official required facts to convince the judicial mind, and upon which he could find that the defendant entertained an intention to make a fraudulent disposition of his property; and it is idle to claim that the affidavit contained any statement to justify such a conclusion or upon which the judge could base any action.

" Besides it is a fundamental rule that when facts are to be found by a judge or jury, the evidence of the existence of the requisite facts must be presented, and not the conclusion or inference of the affiant or witness that the requisite facts exist. If this were not so, the judicial function of the court or jury would be superseded, and the conclusion of the affiant or witness would be substituted instead of the judgment of the court or jury." (*McCracken* v. *Flanagan*, 127 N. Y., 496.)

The order should be reversed, with ten dollars costs and disbursements.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order reversed, with ten dollars costs and disbursements.