■ JOHN G. HALL, Appellant, v LUCILLE CUCCO, as Executrix of ROSE PIAZZA, Deceased, et al., Respondents. [741 NYS2d 726] —In an action to recover legal fees, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (J. Leone, J.), dated February 25, 2000, as denied his motion for summary judgment dismissing the defendants' counterclaims and, upon searching the record, dismissed the complaint, and, in effect, granted that branch of his motion which was for leave to serve and file an amended complaint only to the extent of granting him leave to serve and file an amended complaint alleging only a cause of action to recover in quantum meruit.

Ordered that on the Court's own motion, Lucille Cucco, as executrix of the estate of Rose Piazza, is substituted as a party respondent in the place and stead of the deceased defendant Rose Piazza (see CPLR 1015), and the caption is amended accordingly; and it is further,

Ordered that the order is modified by deleting the provision thereof which, upon searching the record, dismissed the complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, the Supreme Court erred in searching the record and dismissing the complaint (see Dunham v Hilco Constr. Co., 89 NY2d 425; see also City Wide Payroll Serv. v Israel Discount Bank of N.Y., 239 AD2d 537).

The plaintiff's motion to dismiss the defendants' counterclaims was properly denied, as the plaintiff failed to establish prima facie entitlement to judgment as a matter of law.

The Supreme Court properly granted the plaintiff's motion for leave to serve an amended complaint only to the extent of granting him leave to serve and file an amended complaint alleging only a cause of action to recover in quantum meruit, because the remaining causes of action which he wished to add are without merit (see Goldstein v Barco of Cal., 109 AD2d 817).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Altman, Florio and Adams, JJ., concur.