■ JOHN G. HALL, Respondent, v LUCILLE CUCCO, Appellant. [774 NYS2d 770]—In an action to recover legal fees, the defendant appeals from (1) an order of the Supreme Court, Richmond County (Lebowitz, J.), dated October 15, 2002, which granted the plaintiff's motion to preliminarily enjoin her from transferring, selling, disposing of, changing, encumbering, wasting, conveying, or undertaking any act which would affect title to certain real property, conditioned upon the posting of an undertaking in an amount to be fixed by the court, and (2) an order of the same court dated December 19, 2002, which fixed the amount of the undertaking at $20,000.

Ordered that the orders are reversed, on the law, with one bill of costs, and the motion is denied.

On a prior appeal, this Court determined that the plaintiff's only cause of action sounds in quantum meruit (*see Hall v Cucco,* 294 AD2d 332 [2002]). The plaintiff did not move for leave to reargue that determination, nor did he seek leave from this Court to appeal to the Court of Appeals. Reconsideration of the issues determined on the prior appeal is now barred by the doctrine of law of the case (*see Wendy v Spector,* 305 AD2d 403 [2003]). Thus, the plaintiff's remedy, if any, is the reasonable value of the legal services he performed, but not a conveyance of the real property in question. Accordingly, the Supreme Court should have denied the plaintiff's motion for a preliminary injunction (*see Credit Agricole Indosuez v Rossiyskiy Kredit Bank,* 94 NY2d 541 [2000]).

In light of our determination, the Supreme Court's order dated December 19, 2002, fixing an undertaking at $20,000, must also be reversed. Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.