■ DINNER CLUB CORP., Doing Business as ARECA, Respondent, v HAMLET ON OLDE OYSTER BAY HOMEOWNERS ASSOCIATION, INC., et al., Appellants, et al., Defendant. [801 NYS2d 25]—

Order, Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered on or about December 23, 2004, which granted plaintiff's motion for an order preliminarily enjoining defendants from withholding and refusing to deliver to plaintiff all funds collected as monthly dining charges from the homeowners of Hamlet on Olde Oyster Bay, unanimously reversed, on the law, without costs, the motion denied and the injunction vacated.

Plaintiff operates a restaurant and catering service at the Hamlet on Olde Oyster Bay, a gated community in Plainview, New York,* pursuant to a lease with the Hamlet on Olde Oyster Bay Homeowners Association. In September 2004, the homeowners association ceased paying to plaintiff the monthly minimum food and beverage charge to which plaintiff is entitled under the lease. By order to show cause dated November 30, 2004, plaintiff sought to enjoin defendants from "holding and refusing to deliver to plaintiff all funds collected by defendants as monthly dining charges from Hamlet on Olde Oyster Bay homeowners." The motion court held that plaintiff met the fa-

---

* This appeal was transferred to this Court from the Appellate Division, Second Department.

miliar three-pronged test for the granting of a preliminary injunction (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]), and granted the injunction. We reverse.

CPLR 6301 provides that "[a] preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of *the plaintiff's rights respecting the subject of the action,* and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff" (emphasis added).

It is well settled that preliminary injunctive relief is not available to a party seeking money damages on a breach of contract claim because " '[i]n no proper or legal sense can a defendant do or permit any act in violation of the plaintiff's rights respecting the subject of the action, in an action on contract for the recovery of money only. The plaintiff in such an action *has no rights as against the property of the defendant* until he obtains a judgment, and *until then he has no legal right to interfere with the defendant in the use and sale of the same*' " (*Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 545-546 [2000], quoting *Campbell v Ernest*, 19 NYS 123, 124 [1892], but supplying emphasis).

Since, under the substantive rule of equity, a general creditor has no cognizable interest in or right to interfere with the use of the unencumbered property of a debtor until the creditor obtains a judgment, the debtor's disposing of assets, even rendering the anticipated judgment uncollectible, "will not have 'produce[d] [cognizable] injury to the plaintiff' and thus will not support a temporary injunction (CPLR 6301)" (*id.* at 549).

"In the parlance of CPLR 6301, this is simply not a situation in which the plaintiff is asserting 'rights respecting the subject of the action.' 'Subject of the action' is typically a specific res in which the plaintiff has a preexisting interest" (Alexander, 2000 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6301:1, 2005 Pocket Part, at 65). Where the suit involves the plaintiff's claims to a specific fund, that fund is "the subject of the action" and a preliminary injunction is appropriate under the express wording of CPLR 6301 (*Credit Agricole*, 94 NY2d at 548). However, that is not the instant case (*cf. Parker v Parker*, 196 Misc 2d 672, 676 [2003] [subject matter of action was specific fund, i.e., lottery winnings]).

Thus, the court should have denied plaintiff's motion for a

preliminary injunction without reaching the issue of whether plaintiff satisfied the test for the granting of such relief. Concur—Buckley, P.J., Saxe, Ellerin, Nardelli and Williams, JJ.

