■ HAMIDA FATIMA et al., Respondents, v TWENTY SEVEN-TWENTY FOUR REALTY CORP., Appellant. [885 NYS2d 224]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Cullen, J.), entered May 9, 2008, which granted the plaintiffs' motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for a preliminary injunction is denied.

The plaintiffs sought to enjoin the defendant from transferring and/or conveying a certain building located in Astoria. In support of their request for injunctive relief, the plaintiffs argued that their claim was meritorious, and that absent injunctive relief, they would suffer irreparable harm. Specifically, they claimed that if injunctive relief were not granted, any potential award in their favor would be rendered ineffectual. The Supreme Court erred in granting the plaintiffs' motion. A preliminary injunction may not be obtained to preserve assets as security for a potential monetary judgment even if the evidence shows that a party intends to frustrate any judgment by making it uncollectible (*see Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 545 [2000]; *Dinner Club Corp. v Hamlet on Olde Oyster Bay Homeowners Assn., Inc.*, 21 AD3d 777, 778 [2005]). Instead, the separate provisional remedy of attachment may be available to a general creditor where the debtor is transferring assets in order to make a judgment uncollectible (*see* CPLR 6201 [3]; *39 Coll. Point Corp. v Transpac Capital Corp.*, 12 AD3d 664, 665 [2004]). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.