■ RAJESH PUNWANEY, Respondent, v LAVINA PUNWANEY et al., Appellants. [49 NYS3d 664]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 21, 2015, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for a preliminary injunction enjoining defendants from withdrawing or transferring funds from certain State Bank of India bank accounts, unanimously modified, on the law and the facts, to allow defendants to withdraw or transfer funds from the aforesaid bank accounts only for the purpose of paying taxes or penalties assessed thereon, and otherwise affirmed, without costs.

This action concerns the disposition of assets held in several foreign bank accounts after the death of the primary account holder (the decedent), who was the husband of defendant

Lavina Punwaney and father of both plaintiff and defendant Juanita Punwaney. Plaintiff seeks to enjoin defendants from withdrawing or transferring funds from the accounts. Although the motion court properly granted a preliminary injunction, we modify the scope of the injunction.

CPLR 6301 authorizes preliminary injunctive relief enjoining violations of the plaintiff's rights "respecting the subject of the action." The "subject of the action" requirement is satisfied here, because plaintiff claims entitlement to a specific fund—namely, the foreign bank accounts (*Dinner Club Corp. v Hamlet on Olde Oyster Bay Homeowners Assn., Inc.*, 21 AD3d 777, 778 [1st Dept 2005]; *see Ficus Invs., Inc. v Private Capital Mgt., LLC*, 61 AD3d 1, 11-12 [1st Dept 2009]).

While the facts are disputed, at this point plaintiff has made a sufficient showing of the merit of his conversion and conspiracy claims to justify the relief sought.

Moreover, absent a preliminary injunction, plaintiff would suffer irreparable harm in the form of tax prosecution, including possible criminal liability (*see Four Times Sq. Assoc. v Cigna Invs.*, 306 AD2d 4, 5, 6 [2003]). Although both parties have taken advantage of the Internal Revenue Service's Offshore Voluntary Disclosure Program for reporting previously undisclosed foreign assets, failure to timely pay any taxes or penalties assessed with respect to the subject accounts could lead to removal from the program and the safe harbor it provides. Withdrawal of funds from the accounts would deprive plaintiff of the ability to pay such taxes or penalties. On the other hand, prohibiting defendants from withdrawing such funds would leave them in the same position—unable to pay taxes or penalties as they come due. Accordingly, to strike a better balance of the equities (*see id.* at 5), the order is modified to allow defendants to withdraw or transfer funds from the accounts only for the purpose of paying taxes or penalties. Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.