| |
|---|
| **Herszdorfer v Goldberg** |
| 2024 NY Slip Op 30010(U) |
| January 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 26187/92 |
| Judge: Genine D. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 80 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at Civic Center, Brooklyn, New York, on the
2nd day of January 2024.

P R E S E N T:

HON. GENINE D. EDWARDS,

Justice.

-----------------------------------------X

PAUL HERSZDORFER, as Executor of the Estate of
LILLIAN HERSZDORFER, Deceased, and
PAUL HERSZDORFER, Individually,

Plaintiffs,

- against -

BARRY GOLDBERG, M.D.,

Defendant.

-----------------------------------------X

**DECISION, ORDER, AND JUDGMENT**

Index No. 26187/92 (converted to e-filing)

Mot. Seq. No. 7; Inquest on Damages

The following e-filed papers read herein:

NYSCEF Doc No.:

| | |
|---|---|
| Order to Show Cause, Affirmations, and Exhibits Annexed . . . | 86, 76-83 |
| Memorandum of Law in Opposition and Exhibits Annexed . . . | 88-94 |
| Post-Argument Letter Submission . . . . . . . . . . . . . . . . . . . . . . . . | 96 |

In this action to recover damages for medical malpractice and wrongful death,

plaintiff Paul Herszdorfer ("plaintiff"), individually and as the executor of the estate of

his late mother, Lillian Herszdorfer (the "decedent"), moves, by order to show cause,

dated August 24, 2023 (NYSCEF Doc No. 86), for an order restraining and staying

defendant Barry Goldberg, M.D. ("defendant"), from disposing of, encumbering,

pledging, mortgaging, transferring, or in any way affecting the alienability of premises at

517 Deer Park Avenue, Dix Hills, New York 11746 (the "Suffolk County property"),

until further order of the court.

On September 18, 2023, the Court heard oral argument on plaintiff's motion and

concurrently held an inquest on damages in accordance with the Decision and Order,

[* 1]

2

dated June 25, 2023. The Court reserved decision on both the motion and the inquest on damages. Defendant opposed both categories of relief.

### Determination of Plaintiff's Motion (Seq. No. 7)

CPLR § 6301 provides, in relevant part, that "[a] preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual. . . ." As the Court of Appeals observed, "[i]n applying provisional equitable remedies under [the predecessors to the CPLR], from as early as 1892 . . . , our courts have consistently refused to grant general creditors a preliminary injunction to restrain a debtor's asset transfers that allegedly would defeat satisfaction of any anticipated judgment." *Credit Agricole Indosuez v. Rossiyskiy Kredit Bank*, 94 N.Y.2d 541, 708 N.Y.S.2d 26 (2000). "A preliminary injunction may not be obtained to preserve assets as security for a potential monetary judgment even if the evidence shows that a party intends to frustrate any judgment by making it uncollectible." *Fatima v. Twenty Seven-Twenty Four Realty Corp.*, 65 A.D.3d 1079, 885 N.Y.S.2d 224 (2d Dept., 2009). Thus, as a potential general unsecured creditor of defendant, plaintiff is *not* entitled to any injunctive relief with respect to the Suffolk County property. *See Buckley v. McAteer*, 210 A.D.3d 1044, 179 N.Y.S.3d 329 (2d Dept., 2022), *lv. dismissed* 39 N.Y.3d 1128, 188 N.Y.S.3d 10 (2023); *Fatima*, 65 A.D.3d 1079, 885 N.Y.S.2d 224; *Hall v. Cucco*, 5 A.D.3d 631, 774 N.Y.S.2d 770 (2d Dept., 2004). In light of the foregoing, defendant's remaining objections to plaintiff's motion were rendered academic.

3

## Inquest on Plaintiff's Damages

"[T]he sole issue to be determined at the inquest was the extent of the damages sustained by the plaintiffs." *Kim v. S&M Caterers, Inc.*, 136 A.D.3d 755, 24 N.Y.S.3d 743 (2d Dept., 2016). "At the inquest, the plaintiffs bore the burden of setting forth a prima facie case as to damages." *Oparaji v. 245-02 Merrick Blvd, LLC,* 149 A.D.3d 1091, 54 N.Y.S.3d 408 (2d Dept., 2017).[1]

Here, however, plaintiff failed to introduce certified medical records and/or expert testimony on the issue of damages, which (according to the complaint at NYSCEF Doc No. 9) consisted of pain and suffering as well as wrongful death. Under the prevailing caselaw in the Second Judicial Department, the absence of requisite proof was fatal to plaintiff's prima facie case as to damages. *See Castaldini v. Walsh*, 186 A.D.3d 1193, 127 N.Y.S.3d 917 (2d Dept., 2020); *Kotlyar v. Strogov,* 58 A.D.3d 693, 871 N.Y.S.2d 662 (2d Dept., 2009); *Abbas v. Cole*, 7 A.D.3d 649, 776 N.Y.S.2d 846 (2d Dept., 2004). Accordingly, the complaint must be dismissed, as more fully set forth in the decretal paragraphs below. *See Jacobs v. New York City Tr. Auth.*, 14 Misc 3d 130(A), 836 N.Y.S.2d 485 (App. Term. 2d & 11th Jud. Dists. 2007).

---

[1] *See also Paulson v. Kotsilimbas*, 124 A.D.2d 513, 508 N.Y.S.2d 428 (1st Dept., 1986) ("Even in the case of a default upon inquest and assessment, plaintiff is required to prove the actual damages sustained."). The First Judicial Department's decision in *Paulson* was cited with approval by the Second Judicial Department in *Tamburello v. Bensonhurst Car & Limo Serv., Inc.*, 305 A.D.2d 664, 759 N.Y.S.2d 690 (2d Dept., 2003).

4

## Conclusion

Based on the foregoing and after oral argument, it is

**ORDERED and ADJUDGED** that plaintiff's order to show cause, dated

August 24, 2023 (NYSCEF Doc No. 86). is *denied.* and all stays **therein are** *vacated* nunc

pro tunc to the date thereof, and it is further

**ORDERED and ADJUDGED** that plaintiff's complaint is *dismissed* without

costs or disbursements, and it is further

**ORDERED** that defendant's counsel is directed to electronically serve a copy of

this Decision, Order, and Judgment with notice of entry on plaintiff's counsel and co-

counsel, as well as to electronically file an affidavit of service thereof with the Kings

County Clerk.

This constitutes the Decision, Order, and Judgment of the Court.

ENTER,

Genine D. Edwards
J. S. C.