■ SUBURBAN GRAPHICS SUPPLY CORP., Appellant-Respondent, v CORNELIUS G. NAGLE et al., Respondents-Appellants, and CORNELIUS F. NAGLE, Respondent. [774 NYS2d 160]—

In an action, inter alia, to recover damages for breach of fiduciary duty, unfair competition, and misappropriation of trade secrets, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered October 29, 2002, as, after an inquest on the issue of damages, dismissed the complaint insofar as asserted against the defendant Cornelius F. Nagle, vacated an injunction against the defendants, and limited its damages on its second cause of action to $150,000 for lost profits for its fiscal years ending March 31, 2002, March 31, 2003, and March 31, 2004, and the defendants Cornelius G. Nagle, Michael Nagle, and CMC Machine Corporation cross-appeal, as limited by their brief, from so much of the same judgment as is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the law, by deleting from the third decretal paragraph thereof the provision dismissing the second cause of action insofar as asserted against Cornelius F. Nagle, and adding to the first decretal paragraph thereof, after the words "the Defendants" the name "Cornelius F. Nagle"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

By order entered January 15, 2002, the Supreme Court granted the plaintiff's motion to strike the answer of the defendants Cornelius G. Nagle, Michael Nagle, and CMC Machine Corporation, and the separate answer of the defendant Cornelius F. Nagle for willful failure to comply with discovery, and for an award of $43,000 against Michael Nagle and $16,000 against Cornelius G. Nagle, as was demanded in the first cause of action in the plaintiff's complaint. With respect to the plaintiff's second cause of action to recover damages for "illegal and unlawful misappropriation of trade secrets" and "unfair

competition" against all the defendants, the order entered January 15, 2002, directed an inquest to determine "such money damages as . . . are determined to be due from defendants under the complaint in this action for unfair competition and misappropriation of trade secrets of the plaintiff corporation as are determined by this court at the aforesaid inquest." The defendants appealed from the order entered January 15, 2002 (App Div Docket No. 2002-01727), and their appeals were dismissed for lack of prosecution by decision and order on motion of this Court dated November 12, 2002. Cornelius G. Nagle, Michael Nagle, and CMC Machine Corporation moved for reargument, and by order dated March 27, 2002, reargument was granted, the Court adhered to its original determination, and those defendants appealed from that order (App Div Docket No. 2002-04128). The appeal from the order dated March 27, 2002, was dismissed for lack of prosecution by decision and order on motion of this Court dated April 3, 2003.

As a general rule, this Court does not consider any issues on a subsequent appeal that could have been raised on a prior appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Bray v Cox,* 38 NY2d 350 [1976]; *Paniccia v Long Is. R.R. Co.,* 297 AD2d 366 [2002]). We decline to consider the propriety of the orders dated January 15, 2002, and March 27, 2002, upon the instant appeal, including the propriety of the awards granted with respect to the plaintiff's first cause of action.

The issues on this appeal and cross appeal are therefore limited to the plaintiff's second cause of action and the inquest thereon. In its second cause of action, the plaintiff alleged that the defendants engaged in the "illegal and unlawful misappropriation of Plaintiff's trade secrets" and unfair competition by actively soliciting the plaintiff's customers.

As a result of their default, the defendants admitted "all traversable allegations in the complaint, including the basic allegation of liability" (*Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730 [1984]; *see Hussein v Ratcher,* 272 AD2d 446, 447 [2000]). Since the plaintiff was deprived of discovery, it "need only allege enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.,* 100 NY2d 62, 71 [2003]). At an inquest, the defendants should not be permitted to introduce evidence to defeat the plaintiff's cause of action (*see Hussein v Ratcher, supra*).

During the course of the inquest, the Supreme Court noted that the liability of Cornelius F. Nagle "has been established by the default." Nevertheless, the Supreme Court erroneously

dismissed the second cause of action insofar as asserted against him. The question of whether Cornelius F. Nagle participated in the tortious conduct alleged in the second cause of action related to the issue of liability, not damages.

The measure of damages for "unfair competition and the misappropriation and exploitation of confidential information is the loss of profits sustained by reason of the improper conduct . . . limited to lost profits resulting from the defendant's actual diverting" of customers (*Allan Dampf, P.C. v Bloom,* 127 AD2d 719, 720 [1987]). Future lost profits, although "often an approximation," may be awarded "based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien,* 82 NY2d 395, 403 [1993]). The question whether the plaintiff's customer lists constituted a trade secret or were readily ascertainable from public sources was an issue of fact relating to liability (*see Allan Dampf, P.C. v Bloom, supra; cf. Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392 [1972]) which was not before the court at the inquest.

A defaulting defendant may offer proof at an inquest in mitigation of damages if the mitigation evidence involves circumstances intrinsic to the transactions in issue (*see Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878, 880 [1985]; *McClelland v Climax Hosiery Mills,* 252 NY 347, 351 [1930]). The measure of damages in a case of unfair competition is the amount which the plaintiff would have made but for the defendant's wrong, and not the profits received by the defendants (*see Michel Cosmetics v Tsirkas,* 282 NY 195, 200 [1940]; *McRoberts Protective Agency v Lansdell Protective Agency,* 61 AD2d 652, 655 [1978]; *Bruno Co. v Friedberg,* 21 AD2d 336, 341 [1964]; *cf. Gomez v Bicknell,* 302 AD2d 107, 114 [2002]). The offending party's conduct must be a "substantial factor" in causing the loss (*see Gibbs v Breed, Abbott & Morgan,* 271 AD2d 180, 189 [2000]).

The evidence at the inquest established that the plaintiff experienced a marked decrease in net profits, reflected in salaries to its officers for the fiscal year ending March 31, 2002. The defendants' evidence was that the decrease was not entirely due to their solicitations. The evidence established that customers were dissatisfied with the plaintiff and would have gone elsewhere anyway. Further, the plaintiff acknowledged that after the defendants Cornelius G. Nagle and Michael Nagle left its employ, it hired two replacement workers who could not do the work to the same degree. The Supreme Court properly considered this evidence in limiting the plaintiff's award of damages on the second cause of action to $50,000 for the fiscal year end-

ing March 31, 2002, and in awarding damages of $50,000 per year for two additional years.

The Supreme Court vacated an earlier injunction on the ground that there was no written employment contract between the plaintiff and the defendants. The existence of an employment contract was not pleaded in the complaint and was not an issue in the case. Therefore, the ground cited by the Supreme Court was improper. However, upon our independent review of the record, we conclude that the injunction was properly vacated on the ground that the expectation that injunctive relief would cause the customers to return to the plaintiff was speculative (*see Bruno Co. v Friedberg, supra* at 341) and the plaintiff has "an adequate remedy in the form of damages" (*Singer v Riskin,* 304 AD2d 554, 555 [2003]; *see Bruno Co. v Friedberg, supra*). Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.