■ BOUAZA KOUHO, Respondent, v TRUMP VILLAGE SECTION 4, INC., et al., Defendants/Third-Party Plaintiffs-Appellants. FAZIO-TRINA, Third-Party Defendant-Respondent. [941 NYS2d 186]—

In an action to recover damages for personal injuries, the de-

fendants third-party plaintiffs appeal (1), as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Schack, J.), entered December 28, 2010, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $450,000 for past pain and suffering, and (2) from a judgment of the same court entered February 17, 2011, which, upon an order of the same court dated April 29, 2009, granting their motion for leave to enter a default judgment against the third-party defendant upon the third-party defendant's failure to appear or answer the third-party complaint, and after an inquest on the issue of damages, awarded them $0 in damages on the third-party complaint.

Ordered that the judgment entered December 28, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment entered February 17, 2011, is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants third-party plaintiffs.

The plaintiff suffered a ruptured Achilles tendon as a result of tripping on the lawn in front of a building owned and operated by the defendants, Trump Village Section 4, Inc., and Trump Village West, Inc. (hereinafter together Trump). The plaintiff subsequently commenced an action against Trump, and Trump commenced a third-party action against Fazio-Trina, a company that had installed and maintained a sprinkler system on the lawn, seeking contribution and contractual and common-law indemnification.

After Fazio-Trina failed to answer or otherwise respond to the third-party complaint, the Supreme Court granted Trump's motion for leave to enter a default judgment against Fazio-Trina on the third-party complaint. After the trial in the main action, the jury found Trump liable and awarded the plaintiff, inter alia, the sum of $450,000 for past pain and suffering. A judgment dated December 28, 2010, was entered in favor of the plaintiff and against Trump.

Meanwhile, an inquest on damages in the third-party action was held, at which Fazio-Trina failed to appear. Although the Supreme Court acknowledged at the inquest that Fazio-Trina had defaulted, the court found that there was no proof that the plaintiff's injuries were caused by the actions of Fazio-Trina. As such, the court found the damages to be "zero." A judgment was then entered in favor of Trump and against Fazio-Trina for "the principle [sic] sum of $0.00."

Contrary to Trump's contention, the jury's award of $450,000 to the plaintiff for past pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Accordingly, we affirm so much of the judgment entered December 28, 2010, as was in favor of the plaintiff and against Trump in the principal sum of $450,000 for past pain and suffering.

With regard to the third-party action, Fazio-Trina, by defaulting, admitted "all traversable allegations in the [third-party] complaint, including the basic allegation of liability" (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *see Suburban Graphics Supply Corp. v Nagle*, 5 AD3d 663, 663 [2004]). As such, the sole issue to be determined at the inquest was the extent of the damages sustained by Trump, and the Supreme Court erred in considering the question of whether the plaintiff's accident was caused by Fazio-Trina (*see Rokina Opt. Co. v Camera King*, 63 NY2d at 730; *Rich-Haven Motor Sales v National Bank of N.Y. City*, 163 AD2d 288, 290 [1990]). Since Fazio-Trina is deemed to have admitted liability, and the plaintiff was successful in his action to recover damages against Trump, Fazio-Trina is required, under the circumstances, to indemnify Trump for the losses it incurred. Accordingly, we reverse the judgment entered February 17, 2011, and remit the matter to the Supreme Court, Kings County, for the entry of an appropriate amended judgment. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.