■ Angel Gonzalez, Appellant, v Lester Wu, Respondent. [16 NYS3d 768]—

In an action pursuant to Workers' Compensation Law § 26 to enforce a workers' compensation award, the plaintiff appeals from an order of the Supreme Court, Kings County (Pfau, J.), dated January 25, 2013, which, after an inquest on the issue of damages, determined that the plaintiff had not established an entitlement to damages and directed the dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new inquest on the issue of damages.

In 2009, the plaintiff was awarded $22,900 by the Workers' Compensation Board (hereinafter the Board) for retaliatory discharge. Pursuant to Workers' Compensation Law § 120, this award must be paid by the employer and not its insurance carrier. In January 2011, the plaintiff filed the Board's decision with the Kings County Clerk, and a judgment in favor of the plaintiff and against the employer in the principal sum of $22,900 was entered. After attempts to collect on the judgment were unsuccessful, the plaintiff commenced the instant action against Lester Wu, the Chairman/CEO of the employer. The complaint contended that the defendant was personally liable

for the award because the employer had dissolved without notifying creditors. After the defendant failed to answer, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against Wu, and scheduled an inquest. In the order appealed from, the Supreme Court determined that the plaintiff had not established damages attributable to the defendant, and directed the dismissal of the complaint.

A defaulting defendant admits all traversable allegations in the complaint, including the basic issue of liability (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]; *Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116, 126 [2015]; *Abbas v Cole*, 44 AD3d 31, 33 [2007]; *Suburban Graphics Supply Corp. v Nagle*, 5 AD3d 663 [2004]). The sole issue to be determined at an inquest is the extent of damages sustained by the plaintiff (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *Taylor v Brooke Towers LLC*, 73 AD3d 535 [2010]). Here, the inquest court erred in considering the question of whether the defendant caused the damages sustained by the plaintiff (*see Kouho v Trump Vil. Section 4, Inc.*, 93 AD3d 761 [2012]; *Hussein v Ratcher*, 272 AD2d 446 [2000]; *Christian v Hashmet Mgt. Corp.*, 189 AD2d 597 [1993]; *Rich-Haven Motor Sales v National Bank of N.Y. City*, 163 AD2d 288, 290 [1990]). Accordingly, we reverse the order appealed from, and remit the matter to the Supreme Court, Kings County, for a new inquest on the issue of damages. Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.