■ JIHUN KIM et al., Appellants, v S&M CATERERS, INC., Doing Business as LEONARD'S, Defendant, and SANSOOGAPSAN II, INC., Respondent. [24 NYS3d 743]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, by permission, from an order of the Supreme Court, Queens County (Kitzes, J.), dated October 14, 2014, which, after an inquest on the issue of damages, determined that they had not established an entitlement to damages and directed the dismissal of the complaint insofar as asserted against the defendant Sansoogapsan II, Inc.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new determination on the issue of damages.

In this action to recover damages for personal injuries, the defendant Sansoogapsan II, Inc. (hereinafter the defendant), failed to answer. In an order dated August 1, 2012, the Supreme Court granted the plaintiffs' unopposed motion for leave to enter a default judgment against the defendant and directed an inquest on the issue of damages. Thereafter, in an order dated November 16, 2012, the Supreme Court denied the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate the order dated August 1, 2012. On a prior appeal, this Court affirmed the order dated November 16, 2012, determining that the defendant did not offer a reasonable excuse for its failure to appear or answer the complaint (*see Kim v S&M Caterers, Inc.*, 112 AD3d 581 [2013]).

An inquest on damages was held, at which the defendant did not appear. Although the Supreme Court acknowledged at the inquest that the defendant had defaulted, the court concluded that the plaintiffs had failed to establish, prima facie, that the defendant was liable. In the order appealed from, the court determined the plaintiffs had not established an entitlement to damages and directed the dismissal of the complaint against the defendant.

By defaulting, the defendant admitted "all traversable allegations in the complaint, including the basic allegation of liability" (*Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *see Cole-Hatchard v Eggers*, 132 AD3d 718 [2015]; *Gonzalez v Wu*, 131 AD3d 1205, 1206 [2015]; *Kouho v Trump Vil. Section 4, Inc.*, 93 AD3d 761, 763 [2012]; *Suburban Graphics Supply Corp. v Nagle*, 5 AD3d 663, 663 [2004]). As such, the sole issue to be determined at the inquest was the extent of the damages sustained by the plaintiffs, and the Supreme Court erred in considering the questions of whether the defendant owed the plaintiffs a duty of care or whether the subject accident was caused by the defendant's conduct (*see Gonzalez v Wu*, 131 AD3d at 1206; *Kouho v Trump Vil. Section 4, Inc.*, 93 AD3d at 763; *Suburban Graphics Supply Corp. v Nagle*, 5 AD3d at 663).

Accordingly, we must reverse the order appealed from, and remit the matter to the Supreme Court, Queens County, for a new determination on the issue of damages. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.