Garbett v Wappingers Cent. Sch. Dist. (2018 NY Slip Op 02600)





Garbett v Wappingers Cent. Sch. Dist.


2018 NY Slip Op 02600


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-02396
2017-05906
 (Index No. 50965/14)

[*1]Thomas K. Garbett, plaintiff-appellant-respondent,
v
Wappingers Central School District, defendant third- party plaintiff-respondent-appellant; Siteworks Services NY Corp., third-party defendant-appellant- respondent.


Robert B. Marcus, P.C. (The Altman Law Firm, PLLC, New York, NY [Michael Altman], of counsel), for plaintiff-appellant-respondent.
Law Office of Steven G. Fauth, LLC, New York, NY (Edward J. Barbour of counsel), for third-party defendant-appellant-respondent.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Mark L. Schuh and Nick Lozito of counsel), for defendant third-party plaintiff-respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action, inter alia, for common-law indemnification, (1) the plaintiff and the third-party defendant separately appeal, and the defendant third-party plaintiff cross-appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated February 22, 2017, and (2) the third-party defendant appeals from an order of the same court dated May 17, 2017. The order dated February 22, 2017, insofar as appealed and cross-appealed from, denied the plaintiff's motion for summary judgment on the issue of liability, denied the defendant third-party plaintiff's cross motion for summary judgment dismissing the complaint, and granted that branch of the defendant third-party plaintiff's separate motion which was for summary judgment on the issue of common-law indemnification. The order dated May 17, 2017, insofar as appealed from, denied the third-party defendant's motion for leave to renew and reargue its opposition to that branch of the defendant third-party plaintiff's motion which was for summary judgment on the issue of common-law indemnification.
ORDERED that the order dated February 22, 2017, is affirmed insofar as appealed [*2]and cross-appealed from; and it is further,
ORDERED that the appeal from so much of the order dated May 17, 2017, as denied that branch of the third-party defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated May 17, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff, payable by the third-party defendant.
The plaintiff commenced this personal injury action against Wappingers Central School District (hereinafter Wappingers) to recover damages after a cast-iron section of a boiler on its property fell and crushed his foot. Wappingers commenced a third-party action against the plaintiff's employer, Siteworks Services NY Corp. (hereinafter Siteworks), which, at the time of the accident, was servicing the boiler pursuant to its contract with Wappingers. The Supreme Court subsequently struck Siteworks' third-party answer as a sanction for its failure to comply with discovery demands and orders.
The plaintiff moved for summary judgment on the issue of Wappingers' liability under Labor Law § 240(1), and Wappingers cross-moved for summary judgment dismissing the complaint. Wappingers also moved, inter alia, for summary judgment on the issue of common-law indemnification against Siteworks, arguing, among other things, that since Siteworks admitted that the injuries alleged by the plaintiff constituted a grave injury as defined in Workers' Compensation Law § 11, there are no triable issues of fact. By order dated February 22, 2017, the Supreme Court, among other things, denied the plaintiff's motion and Wappingers' cross motion on ground that triable issues of fact remained with respect to the applicability of Labor Law § 240(1) and causation, and granted that branch of Wappingers' motion which was for summary judgment on the issue of common-law indemnification. By order dated May 17, 2017, the court, inter alia, denied Siteworks' subsequent motion for leave to renew and reargue its opposition to that branch of Wappingers' motion which was for summary judgment on the issue of common-law indemnification.
Labor Law § 240(1) protects workers from elevation-related hazards while they are involved in certain enumerated work activities (see Panek v County of Albany, 99 NY2d 452, 455-458). The statute applies when an employee is engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240[1]; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528), as well as acts " ancillary'" to those activities (Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 746, quoting Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [emphasis omitted]). "Thus, where a worker is engaged in routine maintenance, the statute is inapplicable" (Fox v H & M Hennes & Mauritz, L.P., 83 AD3d 889, 890; see Smith v Shell Oil Co., 85 NY2d 1000).
Labor Law § 240(1) "imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [internal quotation marks omitted]). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to [*3]which the statute applies" (id. at 7; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 513). "[T]he dispositive inquiry does not depend upon the precise characterization of the device employed or upon whether the injury resulted from a fall, either of the worker or of an object upon the worker. Rather, the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10). " [F]alling object' liability under Labor Law § 240(1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (Escobar v Safi, 150 AD3d 1081, 1083, quoting Sarata v Metropolitan Transp. Auth., 134 AD3d 1089, 1091; see Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759). Liability also attaches "where the plaintiff demonstrates that, at the time the object fell, it required securing for the purposes of the undertaking'" (Escobar v Safi, 150 AD3d at 1083, quoting Fabrizi v 1095 Ave. of the Ams., LLC, 22 NY3d 658, 663).
Here, the plaintiff testified at his deposition that, at the time of the accident, Siteworks employees were disassembling the subject boiler section by section to fix a leak. However, the head custodian at the school where the plaintiff's injury occurred testified at his deposition that the boiler was disassembled every summer for routine cleaning and refurbishing. The head custodian was also not aware of any problem with the boiler in need of repair during the summer of 2014, which is when the plaintiff was injured. As the record does not otherwise clarify the degree to which boiler sections are "components that require replacement in the normal course of wear and tear" (Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528), the Supreme Court properly determined that triable issues of fact exist with respect to whether the plaintiff's activity was covered under Labor Law § 240(1).
The Supreme Court also properly concluded that triable issues of fact exist with respect to proximate cause. There is no dispute that, at the time of the accident, Siteworks employees were disassembling the boiler and moving each heavy section to the ground for the plaintiff to inspect. The plaintiff and Siteworks' president each testified that Siteworks employees typically take off the top bolts from each section to be removed and connect a chain fall (hoisting) device before taking off the bottom bolts and fully separating a section from the adjacent section of the boiler. The plaintiff further testified that Siteworks employees did not follow that approach here, as only the top bolts appeared to be attached to that section of the boiler and, instead of connecting the chain fall device, Siteworks employees opted to wedge a pipe against the section that eventually fell. Before the accident, the plaintiff observed deformities in the rails underneath the section that fell and injured the plaintiff's foot. Nevertheless, the plaintiff also testified that boiler sections can remain upright without assistance after being detached from each other, and that he, an experienced boilermaker, was satisfied with the apparent stability of the section before it fell. Wappingers also submitted evidence supporting the conclusion that boiler sections do not require securing when they are detached from each other. Thus, triable issues of fact exist as to whether a chain fall device was required for the undertaking.
The Supreme Court properly determined that Wappingers failed to raise a triable issue of fact as to whether the plaintiff was a recalcitrant worker, since it offered no evidence indicating that he was provided with certain safety devices, that such devices were readily available for his use, and that the plaintiff was specifically instructed to use such devices but chose for no good reason to disregard those instructions (see Silvas v Bridgeview Invs., LLC, 79 AD3d 727, 731; Ortiz v 164 Atlantic Ave., LLC, 77 AD3d 807, 809; Zong Mou Zou v Hai Ming Const. Corp., 74 AD3d 800, [*4]801).
With respect to the third-party action, "[a] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages'" (Shah v Oral Cancer Prevention Intl., Inc., 138 AD3d 722, 724, quoting Napolitano v Branks, 128 AD2d 686, 687 [internal quotation marks omitted]; see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730-731). Among the traversable allegations in the third-party complaint that required Siteworks' denial was that the plaintiff sustained a grave injury (cf. Rokina Opt. Co. v Camera King, 63 NY2d at 730-731; Abbas v Cole, 44 AD3d 31, 32-38), which allegation was necessary for the maintenance of the third-party action in these circumstances (see Workers' Compensation Law § 11; Poalacin v Mall Props., Inc., 155 AD3d 900, 910). Here, since Siteworks' third-party answer has been stricken as a result of a default, it has admitted all traversable allegations in the complaint, including the basic allegations of liability and that the plaintiff sustained a grave injury. Accordingly, the Supreme Court properly granted that branch of Wappingers' motion which was for summary judgment on the issue of common-law indemnification (see Francesco v Empress Ambulance Serv., Inc., 100 AD3d 589). Moreover, the court properly denied that branch of Siteworks' subsequent motion which was for leave to renew its opposition to that branch of Wappingers' motion which was for summary judgment on the issue of common-law indemnification, as Siteworks failed to offer new facts that would change the prior determination (see CPLR 2221[e][2]). The sole issue remaining in the third-party action is the extent of Wappingers' damages, if any (see Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756; Gonzalez v Wu, 131 AD3d 1205, 1205; Kouho v Trump Vil. Section 4, Inc., 93 AD3d 761, 763).
The parties' remaining contentions are improperly raised for the first time on appeal or without merit.
BALKIN, J.P., CHAMBERS, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court