Arluck v Brezinska (2020 NY Slip Op 00839)





Arluck v Brezinska


2020 NY Slip Op 00839


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-13250
 (Index No. 703680/18)

[*1]Neal Arluck, appellant, 
v
Olga Brezinska, respondent.


Douglas & London, P.C., New York, NY (Randolph D. Janis of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered October 24, 2018. The order, after an inquest on the issue of damages, sua sponte, directed the dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination on the issue of damages.
In this action, inter alia, to recover damages for personal injuries, the defendant failed to appear or answer the complaint. In an order dated June 25, 2018, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendant and directed an inquest on the issue of damages. After conducting the inquest, the court, in an order entered October 24, 2018, determined that the plaintiff had failed to establish, prima facie, that the defendant was negligent and that her negligence was a substantial factor in causing the plaintiff's injuries, and thereupon, sua sponte, directed the dismissal of the complaint. The plaintiff appeals.
By defaulting, the defendant admitted "all traversable allegations in the complaint, including the basic allegation of liability" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; see Cole-Hatchard v Eggers, 132 AD3d 718, 720; Gonzalez v Wu, 131 AD3d 1205, 1206; Kouho v Trump Vil. Section 4, Inc., 93 AD3d 761, 763). As such, the sole issue to be determined at the inquest was the extent of the damages sustained by the plaintiff, and the Supreme Court should not have considered issues of liability (see Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756; Gonzalez v Wu, 131 AD3d at 1206; Kouho v Trump Vil. Section 4, Inc., 93 AD3d at 763).
Accordingly, we reverse the order appealed from, and remit the matter to the Supreme Court, Queens County, for a new determination on the issue of damages.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court