Castaldini v Walsh (2020 NY Slip Op 04822)





Castaldini v Walsh


2020 NY Slip Op 04822


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-00141
 (Index No. 21904/14)

[*1]Richard Castaldini, respondent, et al., plaintiff,
v
David Walsh, appellant, et al., defendant.


Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for appellant.
Cartier Bernstein Auerbach & Steinberg, P.C., Patchogue, NY (Linda Maria Boswell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant David Walsh appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), entered January 18, 2018. The judgment, after an inquest on the issue of damages, is in favor of the plaintiff Richard Castaldini and against the defendant David Walsh in the total sum of $275,000.
ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new inquest on the issue of damages.
The plaintiff Richard Castaldini allegedly was injured when the propane tank of a gas barbecue exploded at premises owned by the defendant David Walsh. Castaldini, and his wife suing derivatively, commenced this action to recover damages for personal injuries. Upon Walsh's default in answering the verified complaint, the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment and set the matter down for an inquest.
At the inquest on damages, Cataldini testified on his own behalf and, in addition to other evidence, submitted a written sworn statement by one of his treating physicians. Walsh objected to the admission of the written sworn statement, arguing, inter alia, that he was entitled to cross-examine the physician. Over Walsh's objection, the Supreme Court admitted the statement into evidence. In its findings of fact after the inquest, the court found that Castaldini had sustained damages in the sum of $150,000 for past pain and suffering and would sustain damages in the sum of $125,000 for future pain and suffering. On January 18, 2018, a judgment was entered in favor of Castaldini and against Walsh in the total sum of $275,000. Walsh appeals.
A defaulting defendant "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (Rokina Opt. Co., Inc. v Camera King, Inc., 63 NY2d 728, 730; see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880). "The sole issue to be determined at an inquest is the extent of damages sustained by the plaintiff," and the inquest court should not consider the question of whether the defendant caused the damages sustained by the plaintiff (Gonzalez v Wu, 131 AD3d 1205, 1206; see Rokina Opt. Co., Inc. v Camera King, Inc., 63 NY2d at 730; Arluck v Brezinska, 180 AD3d 634; Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756). Thus, there is no merit to [*2]Walsh's contention that the Supreme Court should have granted his motion to dismiss the complaint at the close of the plaintiffs' evidence for failure to establish causation.
Nonetheless, we disagree with the Supreme Court's determination to admit into evidence the written sworn statement of Castaldini's treating physician without making the physician available for cross-examination. At an inquest to ascertain damages upon a defendant's default, the plaintiff may submit proof by written sworn statements of the witnesses (see CPLR 3215[b]; 22 NYCRR 202.46[b]). However, where, as here, the defaulting defendant gives notice that he or she will appear at the inquest, the plaintiff must make the witnesses available for cross-examination (see CPLR 3215[b]; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572). Since Walsh did not make the physician available for cross-examination, the court should not have admitted into evidence the physician's written sworn statement over Walsh's objection. Further, since the court relied on the physician's statement in making its findings of fact on damages, we remit the matter to the Supreme Court, Suffolk County, for a new inquest on the issue of damages (see Dejesus v H.E. Broadway, Inc., 175 AD3d 1485, 1486; Tamburello v Bensonhurst Car & Limo Serv., 305 AD2d 664, 665; Beresford v Waheed, 302 AD2d 342, 343).
Walsh's remaining contention is without merit.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court