Cerullo, LLC v John D. Rocco Sales Co., LLC (2022 NY Slip Op 04894)

Cerullo, LLC v John D. Rocco Sales Co., LLC

2022 NY Slip Op 04894

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-09526 
2020-09528
 (Index No. 63689/19)

[*1]Cerullo, LLC, respondent, 
v
John D. Rocco Sales Co., LLC, appellant.

Anthony M. Bramante, Brooklyn, NY, for appellant.

DECISION & ORDER
In an action to recover on an account stated, the defendant appeals from (1) a decision of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated November 10, 2020, and (2) a clerk's judgment of the same court entered December 8, 2020. The clerk's judgment, upon the decision, made after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $50,550.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the clerk's judgment is affirmed, without costs and disbursements.
In September 2019, the plaintiff commenced this action to recover on an account stated for accounting services provided to the defendant. After the defendant failed to appear or answer the complaint, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against it. On December 8, 2020, after an inquest on the issue of damages, a clerk's judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $50,500. The defendant appeals.
A defaulting defendant "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (Rokina Opt. Co., Inc. v Camera King, Inc., 63 NY2d 728, 730; see Castaldini v Walsh, 186 AD3d 1193, 1193). "The sole issue to be determined at the inquest is the extent of damages sustained by the plaintiff" (Arluck v Brezinska, 180 AD3d 634, 635; Gonzalez v Wu, 131 AD3d 1205, 1206; Suburban Graphics Supply Corp. v Nagle, 5 AD3d 663, 665). Here, in view of the evidence submitted at the inquest, the Supreme Court properly awarded the plaintiff damages in the principal sum of $50,500.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court