LD Acquisition Co. 9, LLC v TSH Trade Group, LLC (2022 NY Slip Op 07227)

LD Acquisition Co. 9, LLC v TSH Trade Group, LLC

2022 NY Slip Op 07227

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-12345
 (Index No. 505182/18)

[*1]LD Acquisition Company 9, LLC, appellant,
v
TSH Trade Group, LLC, et al., respondents.

Brach Eichler, L.P., New York, NY (Anthony M. Rainone and Lucas A. Markowitz of counsel), for appellant.
Joel M. Gluck, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Debra Silber, J.), dated September 19, 2019. The judgment, insofar as appealed from, upon a decision of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated March 28, 2019, made after an inquest on the issue of damages, failed to award the plaintiff any damages or attorney's fees.
ORDERED that on the Court's own motion, the notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new inquest and determination on damages in accordance herewith and for the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2012, LD Holdings, LLC (hereinafter LD Holdings), and the defendant TSH Trade Group, LLC (hereinafter TSH), entered into an agreement that provided LD Holdings with an exclusive 30-year easement on the roof of certain property owned by TSH. The agreement entitled LD Holdings to sublease the easement to a telecommunications carrier for the installation of cell phone antennae. The agreement also provided that in any action commenced to enforce any provision of the agreement, the prevailing party would be entitled to an award of reasonable attorney's fees and costs.
In March 2018, the plaintiff, as successor in interest to LD Holdings, commenced this action against TSH and the defendant Thomas Hild, its managing member, seeking, inter alia, damages for breach of contract, a permanent injunction enjoining the defendants from interfering with the plaintiff's rights under the agreement, and an award of attorney's fees. The complaint alleged that on August 31, 2015, the existing sublease on the easement was terminated and that in January 2018, the plaintiff attempted to access the premises with a prospective new tenant, but Hild [*2]denied them entry, asserting that the plaintiff had abandoned its rights under the agreement. The complaint further alleged that the plaintiff sent the defendants a default notice on February 8, 2018, but access continued to be denied, and the plaintiff suffered damages due to the defendants' wrongful interference with its easement rights, including loss of rental income and attorney's fees. The plaintiff obtained a temporary restraining order dated March 27, 2018, restraining the defendants from interfering with the plaintiff's easement rights.
The defendants did not appear or answer the complaint, and a default judgment was entered against them on September 27, 2018. The issue of damages was referred to a special referee for an inquest. After the inquest, the referee, in a decision dated March 28, 2019, found that the plaintiff failed to establish its entitlement to any damages because it did not establish that the breach of the parties' agreement was the cause of its purported damages. In a judgment dated September 19, 2019, the Supreme Court, inter alia, granted a permanent injunction enjoining the defendants from interfering with the plaintiff's rights under the parties' agreement, and failed to award the plaintiff any damages or attorney's fees. The plaintiff appeals from so much of the judgment as failed to award the plaintiff any damages or attorney's fees.
A defaulting defendant is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71), "including the basic allegation of liability" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). "The sole issue to be determined at an inquest is the extent of damages sustained by the plaintiff" (Gonzalez v Wu, 131 AD3d 1205, 1206; see CPLR 3215[a]; Rokina Opt. Co. v Camera King, 63 NY2d at 730; Castaldini v Walsh, 186 AD3d 1193, 1194). Here, the inquest court erred in considering the question of whether the defendants caused the damages sustained by the plaintiff (see Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756; Gonzalez v Wu, 131 AD3d at 1206; Rich-Haven Motor Sales Inc. v National Bank of New York City, 163 AD2d 288, 290).
Further, while there is some uncertainty with respect to the plaintiff's claim of lost profits, "when it is certain that damages have been caused by a breach of contract, and the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach. A [party] violating [a] contract should not be permitted entirely to escape liability because the amount of the damages which [the party] has caused is uncertain" (Wakeman v Wheeler & Wilson Mfg. Co., 101 NY 205, 209; see Coniber v Center Point Transfer Sta., Inc., 137 AD3d 1604, 1606).
Moreover, pursuant to the parties' agreement, as the prevailing party in an action commenced to enforce a provision of the agreement, the plaintiff was entitled to reasonable attorney's fees and costs.
The defendants' contention concerning mitigation of damages is improperly raised for the first time on appeal. However, at the inquest upon remittal, the defendants will have "a full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages" (Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572; see Rokina Opt. Co. v Camera King, 63 NY2d at 730).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a new inquest on the issue of damages, which should include an award of attorney's fees to the plaintiff, and for the entry of an appropriate amended judgment thereafter.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court