Dominguez v Malecon Shipping, Inc. (2022 NY Slip Op 07221)

Dominguez v Malecon Shipping, Inc.

2022 NY Slip Op 07221

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-01127
 (Index No. 510129/18)

[*1]Yassely Dominguez, appellant, 
v
Malecon Shipping, Inc., et al., respondents, et al., defendants.

Law Offices of James F. Sullivan, P.C., New York, NY (Joshua A. Eidsvaag of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover unpaid wages, and damages for violations of the Labor Law and employment discrimination on the basis of gender in violation of the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Derefim Neckles, Ct. Atty. Ref.), dated December 23, 2019. The order, after an inquest on the issue of damages, sua sponte, in effect, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new inquest on the issue of damages; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2018, the plaintiff commenced this action, inter alia, to recover unpaid wages, and damages for violations of the Labor Law and employment discrimination on the basis of gender in violation of the New York City Human Rights Law. By order dated April 15, 2019, the Supreme Court granted the plaintiff's motion to strike the defendants' answer and directed an inquest on the issue of damages. After conducting the inquest, the court, in an order dated December 23, 2019, determined that the plaintiff "failed to establish that defendants discriminated against her on the basis of her gender and/or sex, in violation of [the] New York State Human Rights Law by terminating her based upon her pregnancy" and thereupon, sua sponte, in effect, directed dismissal of the complaint. The plaintiff appeals.
As a result of having their answer stricken, the defendants were deemed to admit all traversable allegations in the complaint, including the basic allegation of liability (see Mears v Long, 173 AD3d 734, 735; Almonte v Pichardo, 105 AD3d 687, 688). Consequently, the sole issue to be determined at the inquest was the extent of the damages sustained by the plaintiff, and the Supreme Court should not have considered issues of liability (see Castaldini v Walsh, 186 AD3d 1193, 1194; Arluck v Brezinska, 180 AD3d 634, 635; Gonzalez v Wu, 131 AD3d 1205, 1206). Accordingly, we reverse the order appealed from, and remit the matter to the Supreme Court, Kings County, for a new inquest on the issue of damages.
Since we are remitting the matter for a new inquest, we note that the Supreme Court should also address the issue of damages related to the plaintiff's causes of action to recover unpaid wages and damages for violations of the Labor Law.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court