Youngja Lee v Hong Kong Supermarket (2023 NY Slip Op 01668)

Youngja Lee v Hong Kong Supermarket

2023 NY Slip Op 01668

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-01641
 (Index No. 14059/16)

[*1]Youngja Lee, appellant, 
v
Hong Kong Supermarket, et al., defendants.

Steven Louros, New York, NY, for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated August 20, 2019. The order, after an inquest on the issue of damages, directed the dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
In this action to recover damages for personal injuries, the defendants failed to appear or answer the complaint. In an order dated November 30, 2018, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendants, and directed an inquest on the issue of damages. After conducting the inquest, the court found, inter alia, that the plaintiff had failed to proffer credible evidence that the accident occurred or that she had sustained an injury that was caused by the defendants, and directed the dismissal of the complaint. The plaintiff appeals.
By defaulting, the defendants admitted "all traversable allegations in the complaint, including the basic allegation of liability" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; see Cole-Hatchard v Eggers, 132 AD3d 718, 720; Gonzalez v Wu, 131 AD3d 1205, 1206; Kouho v Trump Vil. Section 4, Inc., 93 AD3d 761, 763). As such, the sole issue to be determined at the inquest was the extent of the damages sustained by the plaintiff, and the Supreme Court should not have considered issues of liability (see Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756; Gonzalez v Wu, 131 AD3d at 1206; Kouho v Trump Vil. Section 4, Inc., 93 AD3d at 763).
Accordingly, we reverse the order appealed from, and remit this matter to the Supreme Court, Queens County, for a new inquest on the issue of damages.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court