Chalom v Elat Car & Limousine Serv., Inc. (2025 NY Slip Op 03791)

Chalom v Elat Car & Limousine Serv., Inc.

2025 NY Slip Op 03791

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-09520
 (Index No. 506135/17)

[*1]Moise Chalom, respondent, 
v
Elat Car & Limousine Service, Inc., et al., defendants, Esquire Auto Body, Inc., et al., appellants.

Turturro Law, P.C., Staten Island, NY (Natraj S. Bhushan of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Esquire Auto Body, Inc., and T.J. Corporation appeal from a judgment of the Supreme Court, Kings County (Miriam Sunshine, Ct. Atty. Ref.), dated July 28, 2023. The judgment, after an inquest on the issue of damages, is in favor of the plaintiff and against those defendants in the total sum of $447,835.50.
ORDERED that the judgment is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he slipped and fell on a sidewalk adjacent to property leased in part by the defendants Esquire Auto Body, Inc., and T.J. Corporation (hereinafter together the defendants). After an inquest on the issue of damages, the Supreme Court awarded the plaintiff damages in the total sum of $447,835.50. The defendants appeal.
As an initial matter, the defendants maintain that their answer was stricken. The appendix, however, does not include any order striking their answer or adjudicating them in default. An appellant who perfects an appeal by using the appendix method must file an appendix that contains "those portions of the record necessary to permit the court to fully consider the issues which will be raised" on the appeal (22 NYCRR 1250.7[d][1]; see CPLR 5528[a][5]; Ravasio v La Pata, 216 AD3d 686, 686-687; U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1204; Zhao v Na Chan, 157 AD3d 878, 879). Nonetheless, as the defendants do not challenge the propriety of the purported striking of their answer, we consider the issues raised on appeal.
"[A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). The sole issue to be determined at the inquest is the extent of the damages sustained by the plaintiff, and the court may not consider the question of whether the defendant caused the damages sustained by the plaintiff (see LD Acquisition Co. 9, LLC v TSH Trade Group, LLC, 211 AD3d 928, 930; Castaldini v Walsh, 186 AD3d 1193, 1194; Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756; Gonzalez v Wu, 131 AD3d 1205, 1206). Thus, there is no merit to the defendants' contention that the Supreme Court improperly failed to consider whether the defendants were responsible for the plaintiff's injuries (see Castaldini v Walsh, 186 AD3d at 1194).
The defendants' remaining contentions are without merit.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court