Cartesian Survey Servs., LLC v Moncon, Inc. (2026 NY Slip Op 00235)

Cartesian Survey Servs., LLC v Moncon, Inc.

2026 NY Slip Op 00235

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-07890
2024-08106
 (Index No. 61563/22)

[*1]Cartesian Survey Services, LLC, respondent,
vMoncon, Inc., appellant.

Cermele & Wood LLP, White Plains, NY (Michael R. Wood and Geoffrey S. Pope of counsel), for appellant.
Robert F. Zerilli, Yonkers, NY (Joseph Becker of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Thomas Quiñones, J.), dated July 24, 2024, and (2) a judgment of the same court dated August 9, 2024. The order dated July 24, 2024, upon an order of the same court dated October 2, 2023, among other things, granting that branch of the plaintiff's motion which was for leave to enter a default judgment on the issue of liability against the defendant, and after an inquest on the issue of damages, directed the entry of a judgment against the defendant in the principal sum of $299,500. The judgment, upon the order dated July 24, 2024, is in favor of the plaintiff and against the defendant in the principal sum of $299,500.
ORDERED that the appeal from the order dated July 24, 2024, is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff allegedly entered into several agreements with the defendant, whereby the plaintiff agreed to, among other things, provide "structural surveying services" for projects on which the defendant was the general contractor or the construction manager. On or about June 14, 2022, the plaintiff commenced this action, inter alia, to recover damages for breach of contract.
In October 2022, the parties executed a stipulation extending the defendant's time to answer or otherwise respond to the complaint to November 18, 2022. In January 2023, the plaintiff moved, inter alia, for leave to enter a default judgment on the issue of liability against the defendant based on the defendant's failure to timely appear or answer the complaint. In support, the plaintiff asserted that the defendant did not file an answer to the complaint on or before November 18, 2022, in accordance with the stipulation. The defendant opposed the motion and cross-moved pursuant to CPLR 2004 and 3012(d) to compel the plaintiff to accept its late answer. In an order dated October 2, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's [*2]motion which was for leave to enter a default judgment on the issue of liability against the defendant and denied the defendant's cross-motion. The court directed an inquest on the issue of damages.
Following the inquest, the Supreme Court entered a judgment, upon an order dated July 24, 2024, in favor of the plaintiff and against the defendant in the principal sum of $299,500. The defendant appeals.
The appeal from the order dated July 24, 2024, must be dismissed because no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated July 24, 2024, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
A defaulting defendant is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71), "including the basic allegation of liability" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). "The sole issue to be determined at an inquest is the extent of damages sustained by the plaintiff" (Gonzalez v Wu, 131 AD3d 1205, 1206; see Rokina Opt. Co. v Camera King, 63 NY2d at 730; Castaldini v Walsh, 186 AD3d 1193, 1194). Here, the Supreme Court properly concluded that, at the inquest, the defendant improperly raised substantive arguments against its liability, which are not properly addressed at an inquest on damages (see Brightside Home Improvements, Inc. v Northeast Home Improvement Servs., 208 AD3d 446, 450; Bank of N.Y. Mellon Trust Co., N.A. v Ahmed, 204 AD3d 972, 973; Jihun Kim v S & M Caterers, Inc., 136 AD3d 755, 756; Suburban Graphics Supply Corp. v Nagle, 5 AD3d 663, 665). The defendant does not raise any arguments with respect to the testimony and the evidence that the plaintiff introduced at the inquest concerning the sums that the plaintiff was owed.
We decline to consider any issues regarding the plaintiff's motion and the defendant's cross-motion that were determined in the order dated October 2, 2023, to the extent that the defendant raises such issues, as the defendant's appeal from that order was dismissed for failure to timely perfect (see Bray v Cox, 38 NY2d 350, 353; Finn v Wilmington Sav. Fund Socy., FSB, 230 AD3d 649, 652; Deutsche Bank Natl. Trust Co. v Bonilla, 230 AD3d 635, 636).
In light of our determination, the parties' remaining contentions need not be addressed.
Accordingly, we affirm the judgment.
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court