Schreiber v Nissan Lift of N.Y., Inc. (2026 NY Slip Op 01391)

Schreiber v Nissan Lift of N.Y., Inc.

2026 NY Slip Op 01391

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2024-03881
 (Index No. 609032/22)

[*1]Craig Schreiber, appellant, 
vNissan Lift of New York, Inc., et al., defendants.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 18, 2024. The order, after an inquest on the issue of damages, in effect, directed the entry of a judgment in favor of the defendants.
ORDERED that the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment in favor of the plaintiff in the principal sum of $125,000 in accordance herewith.
The plaintiff commenced this action against the defendants by filing a summons with notice seeking, inter alia, to recover damages for breach of contract. The defendants failed to timely appear or make a demand for complaint. The plaintiff moved for leave to enter a default judgment against the defendants. In an order dated September 15, 2023, the Supreme Court, among other things, upon renewal, granted the plaintiff's motion for leave to enter a default judgment against the defendants, and directed an inquest on damages. Following the inquest at which the defendants did not appear, the court determined that the plaintiff did not establish his entitlement to damages, as he had not established the terms of the subject loans and guarantees. In an order entered January 18, 2024, the court, in effect, directed the entry of a judgment in favor of the defendants. The plaintiff appeals.
"A defaulting defendant is deemed to have admitted all factual allegations contained in the complaint [or summons with notice] and all reasonable inferences that flow from them" (LD Acquisition Co. 9, LLC v TSH Trade Group, LLC, 211 AD3d 928, 930 [internal quotation marks omitted]; see CPLR 3215[f]). "The sole issue to be determined at an inquest is the extent of damages sustained by the plaintiff" (LD Acquisition Co. 9, LLC v TSH Trade Group, LLC, 211 AD3d at 930 [internal quotation marks omitted]; see Cerullo, LLC v John D. Rocco Sales Co., LLC, 208 AD3d 551, 552; Castaldini v Walsh, 186 AD3d 1193, 1194). Here, the summons with notice stated that the plaintiff sought to recover damages in the amount of $250,000 for claims sounding in, inter alia, breach of express contract, breach of implied contract, and money had and received.
At an inquest, the plaintiff bears the burden of setting forth a prima facie case as to [*2]damages (see Bobbo Prop. Mgt., Inc. v Faulkner, 235 AD3d 615, 615; Oparaji v 245-02 Merrick Blvd, LLC, 149 AD3d 1091, 1092). At the inquest, the plaintiff testified that he was employed by the defendant Nissan Lift of New York, Inc. (hereinafter Nissan Lift), for five years starting in January 2014 and was promoted to its chief financial officer. The plaintiff further testified that the defendant Edward Schreiber, the plaintiff's father, was the sole shareholder of Nissan Lift and the sole owner of the defendant S.T.D. Holdings, LLC (hereinafter Holdings). Holdings owned the property in which Nissan Lift was a tenant. The plaintiff testified that Edward approached him in August 2018 to help cover a settlement between Nissan Lift and another entity, and the plaintiff agreed to lend the money on the condition that Edward and Holdings guaranteed repayment. As documentary evidence in support, the plaintiff submitted a bank statement from his personal bank account showing an electronic transfer of $125,000 to Nissan Lift's bank account and evidence that $125,000 was received into Nissan Lift's bank account in August 2018. The plaintiff testified that he asked for repayment of the loan in December 2021 and in April 2022, but he was not repaid. Based upon the plaintiff's testimony and documentary evidence, the plaintiff established his entitlement to damages in the principal sum of $125,000.
Although the plaintiff testified as to other oral agreements concerning other loans to the defendants and payments made to vendors on behalf of Nissan Lift, for which the plaintiff stated that he was not reimbursed, the documentary evidence was not sufficient to demonstrate entitlement to damages. The payments allegedly made by the plaintiff were made from business accounts, some of which were not in his name, and he did not demonstrate that he was personally responsible for payment of those accounts. Therefore, the plaintiff failed to establish entitlement to damages for the remaining amounts claimed (see Bobbo Prop. Mgt., Inc. v Faulkner, 235 AD3d at 616).
Accordingly, we remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate judgment in favor of the plaintiff in the principal sum of $125,000 in accordance herewith.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court