■ DILBER HUSSEIN, Appellant, v JAVAID RATCHER, Respondent. [708 NYS2d 337] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Shifrin, Ref.), entered March 11, 1999, which, after an inquest on the issue of

damages, and a determination by the Referee that the plaintiff had not sustained any damages, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing on the issue of damages.

It is well settled that "a defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (*Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730; *see also, Amusement Bus. Underwriters v American Intl. Group,* 66 NY2d 878; *Lavi v Lavi,* 256 AD2d 602; *Rich-Haven Motor Sales v National Bank,* 163 AD2d 288). Accordingly, at a hearing to determine the amount of the plaintiff's damages, the defendant will not be allowed to introduce evidence tending to defeat the plaintiff's cause of action, but may introduce evidence of "circumstances intrinsic to the transactions at issue that, if proven, will be determinative of the plaintiff's real damages, which cannot be established by the mere fact of the defendant's default" (*Rokina Opt. Co. v Camera King, supra,* at 730-731).

Here, the Referee improperly dismissed the complaint after admitting evidence which he felt defeated the plaintiff's cause of action. The matter must therefore be remitted to the Supreme Court for a new hearing on the issue of damages. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.