■ Michael S. Frankel, Appellant, v Samuel Hirsch, Respondent. [767 NYS2d 863]—

In an action, inter alia, for an accounting, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated June 20, 2002, as granted that branch of the defendant's motion which was to direct him to appear for an examination before trial and denied

that branch of his cross motion which was, in effect, to strike the answer and for an inquest on the issue of damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to direct the plaintiff to appear for an examination before trial is denied, that branch of the cross motion which was, in effect, to strike the answer and for an inquest on the issue of damages is granted, and the matter is remitted to the Supreme Court, Queens County, for an inquest on the issue of damages.

As a result of the defendant's failure to fully comply with a conditional order of preclusion dated September 25, 2001, that conditional order became absolute (*see Correa v Tscherne,* 296 AD2d 476 [2002]; *Jenkinson v Naccarato,* 286 AD2d 420 [2001]). To avoid the adverse impact of the conditional order of preclusion, the defendant was required to either comply with the order or to demonstrate an excusable default and a meritorious defense (*see Jenkinson v Naccarato, supra*). Since the defendant neither complied with the order nor demonstrated the necessary criteria to excuse his failure to do so, the proper remedy was for the court to grant that branch of the plaintiff's cross motion which was to strike his answer and for an inquest on the issue of damages (*see Correa v Tscherne, supra*).

Furthermore, as a result of his default, the defendant forfeited his right to take the plaintiff's deposition (*see Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 573 [1978]). Thus, it was error to direct the plaintiff to appear for an examination before trial. Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.