■ Aston Lee, Respondent, v Silvestre Arellano, Appellant, et al., Defendant. (Action No. 1.) Yapei Huang, Plaintiff, v Silvestre Arellano et al., Defendants. (Action No. 2.) [795 NYS2d 661]—

In two related actions to recover damages for personal injuries, which were joined for trial, Silvestre Arellano, a defendant in action No. 1, appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated July 21, 2004, which denied his motion to vacate an order of the same court (Rappaport, J.), dated September 3, 2003, precluding him from testifying at trial unless he appeared for an examination before trial on or before November 6, 2003, and, sua sponte, in effect, directed that the actions be tried separately.

Ordered that the appeal from so much of the order as, sua sponte, in effect, directed that the actions be tried separately is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice and leave to appeal has not been granted (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

As a result of the appellant's failure to comply with the conditional order of preclusion dated September 3, 2003, that conditional order became absolute (*see Frankel v Hirsch,* 2 AD3d 399, 400 [2003]; *Correa v Tscherne,* 296 AD2d 476 [2002]; *Jenkinson v Naccarato,* 286 AD2d 420, 421 [2001]). To avoid the adverse impact of the conditional order of preclusion, the appellant was required to demonstrate an excusable default and a meritorious defense (*see Jenkinson v Naccarato, supra; Felicciardi v Town of Brookhaven,* 205 AD2d 495, 496 [1994]). Since the appellant failed to demonstrate an excusable default or a meritorious defense, his motion to vacate the order of preclusion was properly denied. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.