■ G.M. DATA CORP., Respondent, v POTATO FARMS, LLC, Appellant, et al., Defendants. [944 NYS2d 102]—

Second amended order and judgment (one paper), Supreme

Court, New York County (Louis Crespo, Special Ref.), entered October 20, 2011, insofar as appealed from, awarding plaintiff G.M. Data Corp. doing business as GMDC Business Consultants the total sum of $1,955,283.08 against defendant Potato Farms, LLC doing business as Amish Market doing business as Zeytuna (defendant), unanimously affirmed, without costs. Appeal from the underlying order, New York County (Richard B. Lowe, III, J.), entered October 18, 2010, which, insofar as appealed from, granted plaintiff's motion to strike defendant's amended answer and affirmative defenses, unanimously dismissed, without costs, as subsumed in the appeal from the second amended order and judgment.

In this action for breach of contract and unjust enrichment, the gravamen of plaintiff's complaint is that defendants breached the terms of three written and executed "Open Listing Agreements" by failing to pay brokerage commissions to plaintiff after selling certain membership interests or assets in defendants' companies to ready, willing and able buyers allegedly presented by plaintiff. The grounds for plaintiff's motion to strike defendants' answer are alleged violations by defendants of the IAS court's February 25, 2010 order directing defendants' production of various discovery. Because of the extent of violations which precipitated the order, it contained self-executing language where non-compliance would result in a striking of defendants' answer. Notwithstanding, the IAS court directed an additional motion to be made in order to allow for an additional opportunity to review the record.

Upon further review, the court properly determined that, in violation of the order, defendant, inter alia, had failed to produce Jody B. Vitale (Vitale), the alleged purchaser of the subject transactions, for continued deposition, as well as certain bank account authorizations, communications, and documents. The record supports the court's determination that, since the instant action was initiated, numerous hours have been spent by the court addressing defendant's repeated failure to produce court-ordered discovery. In addition, defendant had been put on notice that no further violations of the orders of the court would be tolerated.

Thus, under these circumstances, the court did not improvidently exercise its discretion in determining that defendant had willfully and contumaciously failed to comply with discovery obligations (*see Fish & Richardson, P.C. v Schindler*, 75 AD3d 219, 220 [2010]). Defendant failed to demonstrate a reasonable excuse for failure to comply with the conditional order of preclusion (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]). More-

over, the court's imposition of joint and several liability as to plaintiff's third and fourth causes of action was properly based on plaintiff's allegations, which defendant is now precluded from challenging.

The court properly deemed as true all traversable allegations set forth by plaintiff, and acted within its discretion in calculating damages (*see Hussein v Ratcher*, 272 AD2d 446 [2000]; *Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]; *compare Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]). The court's calculation of damages properly included an award of reasonable attorneys' fees and costs, as provided for in the parties' agreements (*see Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *Juste v New York City Tr. Auth.*, 5 AD3d 736 [2004]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.