Langona v Village of Garden City (2022 NY Slip Op 01995)





Langona v Village of Garden City


2022 NY Slip Op 01995


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.


2019-09175
 (Index Nos. 604559/17, 605380/17)

[*1]Nicole Langona, respondent, 
v
Village of Garden City, et al., defendants, County of Nassau, appellant. (Action No. 1.)
Alyssa Andino, respondent,
v
Nicole Langona, et al., defendants, County of Nassau, appellant. (Action No. 2.)


Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellant.
Pazer, Epstein, Jaffe & Fein, P.C. (Jason Levine, New York, NY, of counsel), for respondent in Action No. 1.
Sackstein Sackstein & Lee (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for respondent in Action No. 2.



DECISION & ORDER
In two related actions to recover damages for personal injuries, which were joined for discovery and trial, the County of Nassau, a defendant in both actions, appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated June 28, 2019. The order denied that defendant's motion, in effect, to vacate an order of the same court dated October 17, 2018, conditionally precluding it from presenting evidence at trial and striking its answers unless it responded to the plaintiff's discovery demands within 15 days as set forth in the order dated October 17, 2018.
ORDERED that the order dated June 28, 2019, is affirmed, with one bill of costs.
The plaintiffs, Nicole Langona and Alyssa Andino, allegedly sustained injuries in connection with a motor vehicle accident that occurred on March 21, 2016, in the Village of Garden City in Nassau County. In May 2017, Andino commenced an action against, among others, Langona and the defendant County of Nassau (hereinafter the defendant) to recover damages for personal injuries allegedly sustained in connection with the accident. Then, in June 2017, Langona commenced a separate action against, among others, the defendant, to recover damages for personal injuries allegedly sustained in connection with the accident. By order dated November 29, 2017, the Supreme Court, inter alia, joined the actions for discovery and trial.
Thereafter, on or about March 27, 2018, Langona served combined discovery demands on the defendant. In a so-ordered stipulation dated June 14 2018, the defendant was [*2]directed to respond to the combined discovery demands within 30 days.
In a so-ordered stipulation dated October 17, 2018 (hereinafter the conditional order), the Supreme Court directed the defendant to respond to the combined discovery demands within 15 days, "otherwise [defendant] County is precluded from presenting evidence and the answers stricken." On October 31, 2018, the defendant served a response to the discovery demands, but did not produce any of the documents requested therein. At the next compliance conference, the court informed the defendant that its answers were deemed to be stricken due to its failure to comply with the conditional order. Thereafter, the defendant moved, in effect, to vacate the conditional order. In the order appealed from, dated June 28, 2019, the court denied the defendant's motion. The defendant appeals.
As a result of the defendant's failure to adequately comply with the discovery demands on or before the deadline imposed in the conditional order, the conditional order, which was served upon the defendant with notice of entry, became absolute (see Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 771; Williams v Davita Healthcare Partners, Inc., 172 AD3d 791; Williams v Suttle, 168 AD3d 792, 794; State Farm Mut. Auto. Ins. Co. v Anikeyeva, 130 AD3d 1007, 1007-1008). Although the defendant contends that its behavior was neither willful nor contumacious, "'[w]ith this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful'" (Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931, quoting Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82 [internal quotation marks omitted]).
In moving to vacate the conditional order on the ground of excusable default, the defendant was required to demonstrate a reasonable excuse for its failure to comply with the conditional order and a potentially meritorious defense (see Williams v Davita Healthcare Partners, Inc., 172 AD3d at 792; PHH Mtge. Corp. v Muricy, 135 AD3d 725, 727). Regardless of whether the defendant's proffered excuse that a change in administration resulted in short staffing in its office was reasonable, it failed to demonstrate a potentially meritorious defense to the complaints (see Williams v Davita Healthcare Partners, Inc., 172 AD3d at 793).
Accordingly, the Supreme Court properly denied the defendant's motion, in effect, to vacate the conditional order precluding it from presenting evidence at trial and striking its answers in both personal injury actions.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court