Xiaomeng Yang v Amirshoev (2022 NY Slip Op 05349)

Xiaomeng Yang v Amirshoev

2022 NY Slip Op 05349

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-07573
 (Index No. 521892/17)

[*1]Xiaomeng Yang, appellant, 
v
Safarali Amirshoev, respondent.

Morgan Levine Dolan, P.C., New York, NY (John Collarafi of counsel), for appellant.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Long Island City, NY [Jonah S. Zweig], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 14, 2020. The order denied the plaintiff's motion, in effect, to vacate a prior order of the same court dated November 14, 2019, directing dismissal of the complaint and to restore the action to the calendar.
ORDERED that the order dated September 14, 2020, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on April 23, 2016, when she was struck by a motor vehicle owned and operated by the defendant. Thereafter, the defendant moved pursuant to CPLR 3126 to dismiss the complaint for the plaintiff's repeated failure to appear for a deposition as ordered in a preliminary conference order and a compliance conference order. In an order titled "final pre-note order" dated May 2, 2019, the Supreme Court directed the parties to "schedule neuropysch, neuro and psychiatric [independent medical examinations (hereinafter IMEs)] around the [plaintiff's] scheduled time to be in [the United States] on or before [November 30, 2019]." The May 2, 2019 order further provided that the "DATES CANNOT BE CHANGED WITHOUT COURT APPROVAL" and emphasized in bold face print that "FAILURE TO STRICTLY COMPLY WITH THIS ORDER, WITHOUT LEAVE OF THE COURT, WILL RESULT IN PRECLUSION, THE STRIKING OF A PLEADING AND/OR SANCTIONS AS MAY BE APPROPRIATE." The order also provided that pursuant to CPLR 3126, the failure to comply with the preliminary conference order and the compliance conference order constituted the basis for a finding of willful and contumacious conduct. A copy of the May 2, 2019 order with notice of entry was served upon the attorneys for the plaintiff on June 14, 2019.
Although the plaintiff was scheduled to appear for a neuropsychological IME on October 2, 2019, a psychiatric IME on October 4, 2019, and a neurological IME on October 29, 2019, she failed to appear for those IMEs, with no attempt to apply for alternative dates. A conference was held before the Supreme Court on November 14, 2019, during which attorneys for both the plaintiff and the defendant appeared. By order dated November 14, 2019, the Supreme Court directed dismissal of the complaint, stating that the plaintiff was "not available."
Thereafter, the plaintiff moved, among other things, "for an order (a) restoring this case to the active status on the Court's docket; (b) granting re-argument and renewal pursuant to CPLR § 2221." In support of her motion, the plaintiff submitted, inter alia, her own affidavit, in which she averred that the accident occurred while she was a pedestrian in a crosswalk and she did not cause and/or contribute to the accident, but failed to set forth any reason why she did not appear for her IMEs. The plaintiff also submitted affirmations of her attorney, in which the attorney cited to, among other things, CPLR 5015(a), and contended that the plaintiff had a meritorious cause of action and a reasonable excuse for her default because she resided in China and COVID-19 pandemic travel restrictions prevented her from traveling to the United States.
By order dated September 14, 2020, the Supreme Court denied the plaintiff's motion, holding that CPLR 2221 was inapplicable because the November 14, 2019 order was the result of a conference, and not a motion. The court further held that the action was properly dismissed based on the plaintiff's failure to appear for an IME pursuant to prior court orders. The plaintiff appeals.
Although the Supreme Court should have construed the plaintiff's motion as, in effect, pursuant to CPLR 5015(a)(1) to vacate the November 14, 2019 order and to restore the action to the calendar (see Langona v Vil. of Garden City, 203 AD3d 1038; Mehler v Jones, 181 AD3d 535; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1083), the court nevertheless providently exercised its discretion in denying the plaintiff's motion. In moving to vacate the November 14, 2019 order on the ground of excusable default, the plaintiff was required to demonstrate a reasonable excuse for her failure to comply with the deadlines imposed in the May 2, 2019 order and a potentially meritorious cause of action (see CPLR 5015[a][1]; Langona v Vil. of Garden City, 203 AD3d 1038; Williams v Davita Healthcare Partners, Inc., 172 AD3d 791, 792). Here, the plaintiff failed to demonstrate a reasonable excuse for her failure to appear for the IMEs, as her attorney's contention that the plaintiff was unable to travel to the United States from China for her IMEs in October 2019 due to the outbreak of the COVID-19 pandemic was conclusory and unsupported by the record (see U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; Jin Chengri v Su Yonh Choi, 153 AD3d 911, 912; Skutelsky v JN Natural Fruit Corp., 138 AD3d 1099, 1100). Since the plaintiff failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious cause of action (see Diaz v Wyckoff Hgts. Med. Ctr., 148 AD3d 778, 779; US Bank N.A. v Smith, 132 AD3d 848; U.S. Bank N.A. v Hasan, 126 AD3d 683, 684; Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court