Western Union N. Am. v Locust Val. Tabacco, Inc. (2022 NY Slip Op 05890)

Western Union N. Am. v Locust Val. Tabacco, Inc.

2022 NY Slip Op 05890

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-12582
 (Index No. 600651/16)

[*1]Western Union North America, etc., appellant,
v
Locust Valley Tabacco, Inc., etc., et al., defendants, Tarik Ahmed, respondent.

Law Offices of David J. Finkler, P.C., New York, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a corrected order of the Supreme Court, Nassau County (John M. Galasso, J.), dated October 1, 2019. The corrected order, insofar as appealed from, sua sponte, in effect, vacated an order of the same court dated April 23, 2019, as corrected September 19, 2019, inter alia, precluding the defendant Tarik Ahmed from offering evidence at trial unless he responded to the plaintiff's discovery demands within 30 days of the date of that order, and thereupon, directed the defendant Tarik Ahmed to respond to the plaintiff's discovery demands within 20 days of the date of the corrected order dated October 1, 2019.
ORDERED that on the Court's own motion, the notice of appeal from so much of the corrected order dated October 1, 2019, as, sua sponte, in effect, vacated the order dated April 23, 2019, as corrected September 19, 2019, and thereupon, directed the defendant Tarik Ahmed to respond to the plaintiff's discovery demands within 20 days of the date of the corrected order dated October 1, 2019, is deemed to be an application for leave to appeal from that portion of the corrected order dated October 1, 2019, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the corrected order dated October 1, 2019, is reversed insofar as appealed from, on the law, with costs, and the order dated April 23, 2019, as corrected September 19, 2019, is reinstated.
On October 25, 2018, and again on November 15, 2018, the plaintiff served upon the defendant Tarik Ahmed various discovery demands. After Ahmed failed to respond to the discovery demands, the plaintiff moved pursuant to CPLR 3126 to strike Ahmed's answer. Ahmed opposed the motion.
In an order dated April 23, 2019, as corrected September 19, 2019, the Supreme Court granted the plaintiff's motion to the extent of directing Ahmed to provide responses to all outstanding discovery demands within 30 days of the date of the order. The order stated that in the event Ahmed failed to comply with the directives of the order, he would be precluded from offering evidence at trial, upon the plaintiff's submission of an affirmation of noncompliance, on notice, to the court. On June 5, 2019, upon Ahmed's failure to comply with the directives of the order, the plaintiff's attorney submitted the requisite affirmation of noncompliance to the court.
Nonetheless, by notice of motion dated June 20, 2019, Ahmed moved, inter alia, to extend the time for him to respond to the plaintiff's discovery demands. In a corrected order dated October 1, 2019, the Supreme Court denied that branch of Ahmed's motion which was to extend the time to respond to the plaintiff's discovery demands and, instead, sua sponte, in effect, vacated the order dated April 23, 2019, as corrected September 19, 2019 (hereinafter the conditional order of preclusion), and directed Ahmed to respond to the plaintiff's discovery demands within 20 days. The plaintiff appeals.
As a threshold matter, contrary to the plaintiff's contention, the law of the case doctrine did not preclude the Supreme Court from vacating the conditional order of preclusion and granting Ahmed an extension of time to respond to the discovery demands. However, as the court observed, the conditional order of preclusion became absolute upon Ahmed's failure to comply therewith (see State Farm Mut. Auto. Ins. Co. v Anikeyeva, 130 AD3d 1007, 1008; Lee v Arellano, 18 AD3d 620, 621). To avoid the adverse impact resulting from the conditional order of preclusion becoming absolute, Ahmed was required to demonstrate a reasonable excuse for his default in complying with the terms of that order and a potentially meritorious defense to the amended complaint (see Lagona v Village of Garden City, 203 AD3d 1038; State Farm Mut. Auto. Ins. Co. v Anikeyeva, 130 AD3d at 1008; Lee v Arellano, 18 AD3d at 621). Ahmed did neither. Accordingly, the court erred in, sua sponte, in effect, vacating the conditional order of preclusion and directing Ahmed to respond to the plaintiff's discovery demands within 20 days.
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court