Winters v City of New York (2025 NY Slip Op 00245)

Winters v City of New York

2025 NY Slip Op 00245

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-08007
 (Index No. 508593/15)

[*1]Clinton Winters, appellant, 
v
City of New York, et al., respondents, et al., defendant.

C. Cardillo, P.C., Brooklyn, NY (Christopher Cardillo of counsel), for appellant.
Rosenbaum & Taylor, P.C., White Plains, NY (Leslie Luke and Scott Taylor of counsel), for respondents City of New York, New York City Department of Homeless Services, and FJC Security Services, Inc.
Miranda Sambursky Slone Sklarin Verveniotis, LLP, Mineola, NY (Anne Edelman of counsel), for respondent Services for the Underserved.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 14, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate a prior order of the same court (Lizette Colon, J.) dated January 3, 2020, vacating a note of issue and directing dismissal of the complaint, in effect, pursuant to CPLR 3126(3), and to restore the action to the active calendar.
ORDERED that the order dated September 14, 2020, is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action in July 2015 to recover damages for personal injuries he allegedly sustained in a June 2014 incident. The record shows that the plaintiff failed to appear for a deposition over a span of approximately three years. The plaintiff was first directed to appear for a deposition by preliminary conference order dated July 15, 2016. By compliance conference order dated January 25, 2018, the plaintiff was directed to appear for a deposition by April 10, 2018. Further orders dated September 20, 2018, and February 13, 2019, directed the plaintiff to appear for a deposition on specific dates; he did not appear.
The defendant Services for the Underserved moved, inter alia, to compel discovery. The Supreme Court issued an order dated August 12, 2019, among other things, adjourning the motion to December 3, 2019, and directing the plaintiff to appear for a deposition on or before September 20, 2019, "or [he] may be precluded"; the plaintiff did not appear.
In an order dated December 3, 2019, the Supreme Court adjourned the matter to January 3, 2020, and directed the plaintiff to provide admissible evidence of his "confinement," that is, evidence of his purported inability to attend a deposition due to medical issues, "or this action shall be [d]ismissed." By order dated January 3, 2020, the court vacated a note of issue and directed [*2]dismissal of the complaint, finding that the plaintiff had failed to comply with the order dated December 3, 2019.
The plaintiff moved, inter alia, to vacate the January 3, 2020 order and to restore the action to the active calendar. The defendants City of New York, New York City Department of Homeless Services, and FJC Security Services, Inc., opposed the motion, and Services for the Underserved separately opposed the motion. By order dated September 14, 2020, the Supreme Court, among other things, denied those branches of the plaintiff's motion, and the plaintiff appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Morales v Zherka, 140 AD3d 836, 836-837). Pursuant to CPLR 3126(3), "[i]f any party . . . refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed[,] the court may make such orders with regard to the failure or refusal as are just," including, inter alia, an order "dismissing the action." This statute "broadly empowers a trial court to craft a conditional order," which imposes a sanction "unless within a specified time the resisting party submits to the disclosure" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79 [internal quotation marks omitted]; see Robert v Azoulay Realty Corp., 209 AD3d 781, 785). If a party fails to comply with the order by the specified date, "the conditional order becomes absolute" (Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). To be relieved of the impact of a conditional order issued pursuant to CPLR 3126, a party must demonstrate a reasonable excuse for their failure to comply with the conditional order and the existence of a meritorious claim or defense (see Mention v Archbishop Stepinac High Sch., 223 AD3d 893, 894; Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577).
Here, the record demonstrates that the plaintiff failed to comply with the terms of the conditional order of dismissal dated December 3, 2019, and failed to demonstrate a reasonable excuse for his failure to comply. Since the plaintiff failed to demonstrate a reasonable excuse for his failure to comply with the order dated December 3, 2019, it is unnecessary to determine whether he demonstrated the existence of a potentially meritorious cause of action (see Halyard v Magellan Aerospace N.Y., Inc., 221 AD3d at 594; see also Xiaomeng Yang v Amirshoev, 208 AD3d at 1388-1389). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were to vacate the order dated January 3, 2020, directing dismissal of the complaint, and to restore the action to the active calendar (see Halyard v Magellan Aerospace N.Y., Inc., 221 AD3d 592, 594; Williams v Davita Healthcare Partners, Inc., 172 AD3d 791, 793; see also Xiaomeng Yang v Amirshoev, 208 AD3d 1386, 1388).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court