Ewans v Eklecco (2025 NY Slip Op 00846)

Ewans v Eklecco

2025 NY Slip Op 00846

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-01409
 (Index No. 32235/20)

[*1]Robert Ewans, appellant, 
v
Eklecco, et al., respondents.

Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glen Devora of counsel), for appellant.
Cerussi & Spring, P.C., White Plains, NY (Richard D. Bentzen and Zachary A. Taylor of counsel), for respondents Eklecco and Pyramid Management Group, LLC.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski and Daniel Wright of counsel), for respondent Congers Auto Sales, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Christie L. D'Alessio, J.), dated January 23, 2023. The order denied the plaintiff's motion to vacate a prior order of the same court (Robert M. Berliner, J.) dated July 12, 2022, directing dismissal of the amended complaint, and to restore the action to the active calendar.
ORDERED that the order dated January 23, 2023, is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he stepped into a pothole. By order dated May 17, 2022, after the plaintiff twice failed to appear for a scheduled independent medical examination (hereinafter IME), the Supreme Court ordered the plaintiff to attend an IME within 45 days and directed that the amended complaint would be dismissed as a sanction if the plaintiff failed to comply with the order. The plaintiff did not appear for an IME scheduled for June 7, 2022, and by order dated July 12, 2022, the court directed dismissal of the amended complaint. Thereafter, the plaintiff moved to vacate the July 12, 2022 order and to restore the action to the active calendar. In an order dated January 23, 2023, the court denied the motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying the plaintiff's motion. In moving to vacate the July 12, 2022 order on the ground of excusable default, the plaintiff was required to demonstrate a reasonable excuse for his failure to comply with the order dated May 17, 2022, and the existence of a potentially meritorious cause of action (see CPLR 5015[a][1]; Vallejo v Uzzi, 213 AD3d 794, 796; Xiaomeng Yang v Amirshoev, 208 AD3d 1386, 1388). The plaintiff failed to comply with the May 17, 2022 order by failing to appear for an IME within the deadline imposed by that order. Further, the plaintiff failed to demonstrate a reasonable excuse for his failure to comply with that order, and, thus, this Court need not consider whether the plaintiff has [*2]a potentially meritorious cause of action (see Vallejo v Uzzi, 213 AD3d at 796-797; Xiaomeng Yang v Amirshoev, 208 AD3d at 1388-1389).
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., BRATHWAITE NELSON, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court