Carter's Home Gyms, LLC v Pulse Group USA, Inc. (2025 NY Slip Op 01785)

Carter's Home Gyms, LLC v Pulse Group USA, Inc.

2025 NY Slip Op 01785

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-09476
2023-04213
 (Index No. 609602/20)

[*1]Carter's Home Gyms, LLC, respondent,
v
Pulse Group USA, Inc., et al., appellants.

Law Office of Jason S. Matuskiewicz, P.C., Brooklyn, NY, for appellants.
Law Offices of Andrew L. Crabtree, P.C., Melville, NY (Dara M. Hartman and Kathleen Marshall of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated September 20, 2022, and (2) a judgment of the same court entered March 15, 2023. The order granted the defendants' motion to vacate a judgment of the same court entered May 16, 2022, which, upon the defendants' default in complying with a conditional order of preclusion dated March 7, 2022, was in favor of the plaintiff and against them in the sum of $352,041. The judgment, after an inquest on the issue of damages, is in favor of the plaintiff and against the defendants in the total sum of $88,792.53.
ORDERED that the appeal from the order dated September 20, 2022, is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated September 20, 2022, must be dismissed, as the defendants are not aggrieved by the order (see CPLR 5511), and, in any event, any right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241).
The plaintiff, Carter's Home Gyms, LLC, is in the business of renting personal fitness equipment for use in home gyms. The defendant Pulse Group USA, Inc. (hereinafter Pulse Group), is in the business of selling and distributing commercial and residential fitness equipment. Between April and May 2020, the plaintiff ordered certain home gym equipment from Pulse Group and paid Pulse Group a total of $217,085 for the equipment.
In September 2020, the plaintiff commenced this action against Pulse Group and the defendants Pulse Fitness Group USA, Inc., Rebirth Fitness, Inc., Fitness Plus, John Greeley, and Philip Vendetti, among other things, to recover damages for breach of contract. The first cause of action in the complaint sought damages for the defendants' alleged breach of an agreement with the [*2]plaintiff by failing to deliver certain equipment that was requested and paid for, by delivering defective equipment, and by failing to repair such defective equipment upon request. The complaint further alleged that Pulse Group, Pulse Fitness Group USA, Inc., Rebirth Fitness, Inc., and Fitness Plus (hereinafter collectively the corporate defendants) are alter egos of Greeley and Vendetti, the sole members, officers, and/or directors of the corporate defendants. The complaint sought, in effect, to pierce the corporate veil of the corporate defendants and to hold Greeley and Vendetti personally liable because they disregarded all corporate formalities, kept the corporate defendants inadequately capitalized, dominated the corporate defendants, shared a common office space, address, and telephone numbers, and used their dominance over the corporate defendants to breach the agreement with the plaintiff, knowing that the corporate defendants would be unable to pay their obligations to the plaintiff. The defendants jointly interposed an answer.
In September 2021, the Supreme Court granted the plaintiff's unopposed motion pursuant to CPLR 3124 to compel the defendants to comply with discovery demands served by the plaintiff in January 2021 and directed the defendants to provide complete responses to those discovery demands within 30 days "with all objections waived except privilege and palpably improper." In December 2021, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer and for leave to enter a default judgment, alleging that the defendants failed to respond to multiple interrogatories and document demands. In an order dated March 7, 2022 (hereinafter the conditional order), the court granted the plaintiff's motion, which was unopposed, to the extent of directing that the defendants comply with all outstanding discovery requests within 30 days of the date of the order and providing that the defendants' failure to do so would result in their answer being stricken and the entry of a default judgment against them. On May 16, 2022, the court, upon the defendants' default in complying with the conditional order, entered a judgment in the plaintiff's favor and against the defendants in the amount of $352,041 (hereinafter the May 2022 judgment).
In June 2022, the defendants moved to vacate the May 2022 judgment on the grounds that a money judgment is not authorized when an answer is stricken pursuant to CPLR 3126 without an inquest on damages and that the plaintiff "failed to make a prima facie case[ ] as to some or all of [its] purported causes of action." In an order dated September 30, 2022, the Supreme Court granted the defendants' motion, vacated the May 2022 judgment, and directed the parties to appear for an inquest on the issue of damages.
At the inquest, the plaintiff presented, inter alia, the testimony of its president and documentary evidence of damages in the amount of $97,432.67. The Supreme Court, among other things, precluded the defendants from submitting evidence of limitation of warranties and granted the plaintiff's application for leave to amend the ad damnum clause of the complaint to conform to the proof. On March 15, 2023, the court entered a judgment in the plaintiff's favor and against the defendants in the total sum of $88,792.53. The defendants appeal.
Contrary to the defendants' contention, the conditional order, striking the defendants' answer, became absolute upon the defendants' failure to comply therewith by the date set forth therein (see Western Union N. Am. v Locust Val. Tabacco, Inc., 209 AD3d 933, 934-935).
"Since defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them, when submitting proof of facts constituting a claim, a plaintiff need only set forth enough facts to enable the Supreme Court to determine that the plaintiff alleged a viable cause of action" (Rosenzweig v Gubner, 194 AD3d 1086, 1088 [citation and internal quotation marks omitted]). Here, the defendants do not dispute that the plaintiff alleged a viable cause of action to recover damages for breach of contract (see Cartessa Aesthetics, LLC v Demko, 217 AD3d 821, 822), and, contrary to the defendants' contention, the complaint sufficiently alleged a basis for piercing the corporate veil (see Archival, Inc. v 177 Realty Corp., 220 AD3d 909, 911; Rosenshein v Kushner, 212 AD3d 744, 745; Michael v Atlas Restoration Corp., 159 AD3d 980, 982).
Moreover, the Supreme Court providently exercised its discretion in granting the plaintiff's application for leave to amend the ad damnum clause to conform to the evidence (see CPLR 3025[b], [c]; Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 24; Bongiasca v [*3]Bongiasca, 269 AD2d 187, 187).
Finally, "'a defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages'" (Hussein v Ratcher, 272 AD2d 446, 447, quoting Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). "Accordingly, at a trial to determine the amount of a plaintiff's real damages, the defendant will not be allowed to introduce evidence tending to defeat the plaintiff's cause of action" (Rokina Opt. Co. v Camera King, 63 NY2d at 730). Here, the defendants' proffered evidence of the limitation of warranties was properly excluded as irrelevant to the issue of damages (see Curiale v Ardra Ins. Co., 88 NY2d 268, 279-280).
The defendants' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court